UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>JONATHAN JOSEPH NELSON, *et al.*,<br>　　　　　Defendants. | Case No. 17-cr-00533-EMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 147 |

The court held a discovery hearing on February 13, 2018 about the form and scope of the government's proposed protective order at ECF No. 147.[1] The parties may be able to resolve some disputes and will confer, resolve disputes if they can, and provide a timeline to the court about when the government will file its updated proposed order and when the defendants will file their objections. The court provided some guidance, including (1) there will be a protective order, (2) concerns about the scope of the redactions are better resolved after the government provides discovery, (3) the protective order covers information provided by the government, not information already in the defendants' possession, and (4) the proposed protective order does not require the defendants to provide the government with its work product and in any event, the court

---

[1] *See, e.g.*, Minute Order – ECF No. 182. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cr-00533-EMC (LB)

1  will devise procedures (if they are necessary) to protect the defendants' ability to investigate their
2  case.

3  The court also discussed generally its dispute-resolution procedures for discovery disputes. It
4  employs a case-management model and uses a joint letter-brief process instead of motions to
5  compel, at least initially. This is not meant to prevent any necessary motions to compel but instead
6  is an initial expedited process to facilitate production, identify obstacles and disagreements,
7  achieve agreement if possible, provide a faster process to resolve any issues, avoid motions on
8  issues that can be resolved through case management, and provide a mechanism for any necessary
9  discovery orders.

10  The process is as follows. If the parties have a dispute, they must meet and confer in person.
11  (For form-of-production issues, the court suggests that multiple participants can slow the process,
12  and perhaps the defendants can designate a discovery coordinator — at least initially — and notify
13  the court.) If the parties do not resolve their disagreements through this procedure, they must file a
14  joint letter brief of five pages that allows side-by-side consideration of the dispute. Often, it is
15  useful to provide the relevant part of the discovery index. After the court receives a letter, it will
16  schedule a discovery conference (with notice to all counsel). The court generally can schedule a
17  discovery conference on its regular 10:30 a.m. Thursday criminal calendar with one week's notice.

18  The court also directs the parties to use a single-document format like the document at ECF
19  No. 173 for all defendants to document any waiver of the defendants' presence at any discovery
20  hearing.

**IT IS SO ORDERED.**

Dated: February 14, 2018

_____
LAUREL BEELER
United States Magistrate Judge