ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
ERIN A. CORNELL (CABN 227135)
MEREDITH B. OSBORN (CABN 250467)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6774
    meredith.osborn@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JONATHAN JOSEPH NELSON, et al,<br><br>    Defendants. | CASE NO. CR 17-00533 EMC<br><br>PARTIES' JOINT STATUS CONFERENCE REPORT<br><br>Date:  July 10, 2018<br>Time:  10:00 a.m.<br>Ctrm.:  5, 17th Floor<br><br>Honorable Edward M. Chen, presiding |

The Court directed the parties to file a status report in advance of the status conference scheduled for July 10, 2018. Dkt. 300. The parties therefore provide the following report.

**I.    Charges and Defendants' Current Custodial or Pretrial Release Status**

Set forth in the table below is a summary of the charges against each of the defendants and their current status.

| Defendant | Charges | Release/Detention Status |
|---|---|---|
| Jonathan Joseph Nelson, a/k/a "Jon Jon" | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering<br>Count 5: 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering | Released on $1 million bond, partially secured. |

JOINT STATUS REPORT 5/9/2018
CR 17-00533 EMC

| **Defendant** | **Charges** | **Release/Detention Status** |
|---|---|---|
|  | Count 6: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering<br>Count 7: 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence |  |
| Raymond Michael Foakes, a/k/a "Ray Ray" | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 5: 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering<br>Count 6: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering<br>Count 8: 18 U.S.C. § 1512(b) – Witness Intimidation | Detained. |
| Russell Allen Lyles, Jr., a/k/a "J.R." | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 5: 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering<br>Count 6: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering | Released on $500,000 bond, partially secured. |
| Jeremy Daniel Greer | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 3: 18 U.S.C. § 1951(a) – Hobbs Act Robbery<br>Count 4: 18 U.S.C. § 1951(a) – Hobbs Act Robbery<br>Count 5: 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering<br>Count 6: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering<br>Count 9: 18 U.S.C. § 1951(a) – Hobbs Act Robbery<br>Count 10: 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence | Released on $200,000 bond, partially secured. |
| Brian Wayne Wendt | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering | Detained. |
| Russell Taylor Ott, a/k/a "Rusty" | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering | Released on $510,000 secured bond. |
| Christopher Ranieri, a/k/a "Rain Man" | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy<br>Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering | Released on $500,000 secured bond. |
| Damien David | Count 1: 18 U.S.C. § 1962(d) – | Released on $150,000 secured |

| **Defendant** | **Charges** | **Release/Detention Status** |
|---|---|---|
| Cesena | Racketeering Conspiracy<br>Count 3: 18 U.S.C. § 1951(a) – Hobbs Act Robbery | bond. |
| Brian Allen Burke, a/k/a "Bucky" | Count 11: 18 U.S.C. § 1512(b) – Witness Intimidation | Released on $150,000 unsecured bond. |
| Jason Randall Cliff, a/k/a "Agro" | Count 5: 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering<br>Count 6: 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering | Deceased. Charges dismissed. |
| David Salvatore Diaz, III | Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy | Released on $100,000 unsecured bond. |

## II. Discovery Status

After the Court delegated discovery issues in this case to Magistrate Judge Beeler, Judge Beeler granted the government's Motion for a Protective Order on March 20, 2018. Dkt. 225. At the last status hearing in this case, the government represented that had produced approximately 37,000 pages of discovery to the defense, with discovery logs. The government has since produced over 6,000 pages of additional discovery to the defense, raising the total number of pages disclosed to over 43,000. The government has approximately an additional 6,000 pages that it will be disclosing on or before July 10, 2018. The government produced all of this discovery to all defendants except Russell Lyles, who has opted not to receive discovery pursuant to the protective order. The government has given Lyles discovery logs of the entire production, and produced only non-protected materials to Lyles on April 25, 2018, and June 8, 2018.

The government is prepared to begin producing electronic device data from devices seized during the execution of the search warrants in November 2017. The government and the defense's discovery coordinator are making arrangements for the copying of the first batch of electronic device data to a defense hard drive. The government expects to complete its extraction and forensic review of these devices within the next two months, and will produce related discovery on a rolling basis. The government will continue to produce discovery on a rolling basis as the investigation continues and additional discoverable materials are identified.

Defense counsel continue to review the some 43,000 pages of discovery that has been produced

to date, await the new discovery to be produced and some counsel have engaged in informal discovery discussions with the government. Given that counsel have not had time to review the entirety of the discovery produced and that additional discovery will be produced, counsel cannot set a schedule for motions for discovery or motions for bill of particulars at this time.

### III. Other Issues

A. On June 12, 2018, one of the attorneys for the government discovered that an FBI analyst may have inadvertently received communications between defendant Brian Wendt and his attorney and prepared notes based on the review of these calls. The government notified Wendt's attorney the same day, and took measures to ensure that no other members of the prosecution team accessed the potentially-privileged communications. Counsel for Mr. Wendt requested preservation and discovery of all materials related to this incident and a full description of the parameters of the potential breach. The government has sequestered and preserved all the records related to the incident, and is investigating the incident to determine how the communications were obtained and how to proceed. The government intends to respond to Mr. Wendt's discovery request shortly.

B. Defendant Cesena's review of the discovery indicates that thus far no discovery regarding Count 3 has been provided. On June 18, 2018 Mr. Cesena sent a discovery request to the Government asking them to confirm that no discovery regarding that count has been provided. A response has yet to be received.

C. Defendant Lyles did not receive the last round of non-protected discovery until several weeks after it was sent to other defendants. Based on the discovery logs, counsel for Lyles that there is not good cause for the government's classification of a substantial amount of material as protected. He has asked the government to identify the grounds for withholding those materials from Lyles and has not received a response.

### IV. Future Dates

The parties will be prepared, at the July 10 hearing, to set a schedule for motions challenging the indictment and motions to dismiss the indictment or particular provisions therein based on the current indictment. Naturally, if a superseding indictment should be returned that may render any such motions moot. Given the resources necessary to litigate these issues, the defense respectfully requests that the

JOINT STATUS REPORT 5/9/2018
CR 17-00533 EMC

Court inquire of the government, within the parameters of the law, whether or not the government intends to supersede.

DATED: July 5, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

*/s/ Meredith B. Osborn*
MEREDITH B. OSBORN
Assistant United States Attorney

*/s/*
Martin Sabelli
Counsel for defendant Brian Wendt
On behalf of all defendants

*/s/*
James Thomson
Counsel for defendant David Diaz
On behalf of all defendants