1 ALEX G. TSE (CABN 152348)
United States Attorney

2

3 BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

4 MEREDITH B. OSBORN (CABN 250467)
ERIN A. CORNELL (CABN 227135)
5 Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
7     Telephone: (415) 436-7124
    FAX: (415) 436-6748
8     Erin.Cornell@usdoj.gov

9 Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 17-00533 EMC |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES' OPPOSITION TO |
| v. | ) DEFENDANT CESENA AND BURKE'S EX |
| | ) PARTE APPLICATION FOR ORDER ALLOWING |
| RUSSELL OTT | ) ATTENDANCE AT FUNERAL SERVICES |
| | ) |
| Defendant. | ) |

The United States opposes defendants Damien Cesena's and Brian Burke's ex parte application for an order allowing their attendance at Daniel Adams' funeral services. Dkt. 340. The government opposed both of these defendants' pretrial release, and does not believe that their conditions of release should be modified to allow them to attend an event at which their co-defendants and fellow Hells Angels members will be present. Neither Cesena nor Burke has demonstrated a significant relationship with the deceased whose funeral they ostensibly want to attend, and the justification offered now was only provided after the government refused to stipulate to their attendance without some evidence of a connection. Given this background, the most plausible basis for their application to attend is to allow them to circumvent their no-contact order with their fellow Hells Angel co-conspirators.

As the Court is aware, defendant Cesena is presently charged with two very serious crimes that each carry hefty maximum prison terms. The defendant is charged with Racketeering Conspiracy, which carries a maximum term of life in prison, and Hobbs Act robbery, which carries a maximum term of 20 years of imprisonment. Defendant Cesena also has a significant criminal history that includes committing a hate crime and, most recently, carrying a concealed weapon. The last conviction, which occurred in 2015, stemmed from an incident in which Cesena was arrested for carrying a loaded firearm in public and threatening a crime with intent to terrorize. Cesena was on probation when he was arrested on the instant indictment. His pretrial release conditions include a no-contact order with other Hells Angels members.

Defendant Burke is charged with a single count of witness intimidation, which carries a maximum term of 20 years of imprisonment. At the time of his arrest in this case, he was on probation for conspiracy to commit a crime. Burke had his probation revoked in 2015 after being arrested multiple times. Although Burke was not charged in Count 5 of the Indictment, which charges Maiming in Aid of Racketeering, he was present at the assault. The victim of that assault suffered significant injuries all over the victim's body, especially on the face and abdomen.

Compared with the defendants that the government has agreed may attend Mr. Adams' funeral services, these defendants have claimed only limited relationships with the deceased. Cesena's relationship appears to have involved the deceased performing some work for Cesena, while Burke's relationship seems to be primarily through his father. Neither of these relationships warrant their release to freely fraternize with their co-conspirators. The government fears that we are heading down a slippery slope where the defendants in this case, who are charged with very serious crimes, believe that they are all entitled to the suspension of their stringent pretrial release conditions whenever there is an event that impacts one of them. The Court set the conditions of their release because of the danger that these defendants posed to the community, and it should not suspend those conditions unless there is a significant and verifiable rationale for doing so. Here, the defendants have proffered their justification so late that neither the government nor the Court can properly verify their claims. Under these circumstances, their request should be denied.

For the foregoing reasons, the government respectfully requests that the Court deny these

defendants' application to attend the funeral services for Mr. Adams.

Dated:  August 23, 2018                        Respectfully submitted,

ALEX G. TSE
United States Attorney

 */s/ Meredith B. Osborn*
MEREDITH B. OSBORN
Assistant United States Attorney