UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JONATHAN JOSEPH NELSON, et al,<br><br>    Defendants. | CASE NO. CR 17-00533 EMC<br><br>THE DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT<br>Date:  August 29, 2018<br>Time:  10:00 a.m.<br>Ctrm.:<br><br>Honorable Magistrate Judge Laurel Beeler, presiding |

On August 14, 2018 the Court directed the parties to file an updated case-management conference statement in advance of the case-management conference scheduled for August 29, 2018. Dkt. 331. The defendants therefore provide the following statement.

**I.    Status of Compliance with the Court's August 14, 2018 Orders Regarding Discovery.**

**A. Two-Week Production.**

At the August 14 hearing before Judge Chen, the government identified documents that it would produce "in a matter of weeks." The court ordered that production within two weeks and the government has complied with that order.

**B. Apparent Jencks Material and Privilege Log.**

At the August 14, 2018 conference the Court ordered that the government must within two weeks produce a privilege log (with specific identifying information) regarding apparent Jencks materials. The defendants have not yet received this log but expect to receive it today which is the date ordered by the Court for its disclosure.

**C. Production of Electronic Discovery.**

The defense discovery coordinator provided the government with one 750GB external drive and one 4TB external drive. The government returned these two drives to defense counsel last week. The 750GB drive contains E01 image files from 13 electronic devices seized during the search at 648 Auburn Street in Tulare, CA (Designated Group A evidence). Defense counsel has been unable to open the 4TB drive. The government has been notified of this issue and offered to attempt to recopy the materials on the 4TB drive. The government additionally provided one 2TB internal drive. Defense counsel does not have the capacity to review this internal drive. Defense counsel also does not have the capacity to review the materials in E01 format without the help of a forensic specialist.

Government counsel has requested an additional ten 2TB external drives for further electronic discovery. The defense discovery coordinator is in the process of providing these additional drives.

**D. Production of Jencks Materials.**

The defense submits that the extremely voluminous discovery provided thus far is of relatively little value and that it cannot effectively prepare without the Jencks material. The defense believes that the gap between non-Jencks material and Jencks material is much more extreme in this case than in any other case in the experience of counsel. Although the discovery is voluminous, there is very little discovery regarding any of the alleged acts of violence and, in fact, there are some counts for which no discovery has been provided.

The defense articulated this position to Judge Chen and, for this and other reasons, the Court ordered the government to produce a privilege log. The defense has not yet received that privilege log and therefore cannot assess the nature and volume of Jencks materials and corresponding defense preparation. Without a sense of the number of witness and their allegations, the defense cannot assess the necessary investigation and preparation.  For this reason, and in order to meet and confer, the defense requested that the government advise the defense of the volume of Jencks materials. The defense is awaiting a response from the government.

DEFENDANTS' CASE MANAGEMENT STATEMENT
CR 17-00533 EMC

Also, in an attempt to meet and confer, the defense requested the government's position re the following:

1. The soonest possible date for an AEO Jencks production.
2. The soonest possible date for that production to be used "in the field."
3. The soonest possible date to share that production with our clients.

The defense believes that it should receive the Jencks material as soon as possible for Attorneys' Eyes Only (AEO). The defense would agree to receive the material AEO and to request permission from the Court, with notice to the government, before using that material "in the field" or showing any material to any client.

### E. The Government's Ongoing Discovery.

The Court ordered the government to produce within two weeks of its receipt and on an on-going basis all discovery it acquires or, if it withholds it as Jencks material, to identify the withheld information on the privilege log.

### F. Mr. Lyles Separate Discovery Issue.

The Court ordered that the parties meet and confer and suggest a timeline and process to resolve their disputes and propose a timeline herein for addressing their dispute. Counsel for Defendant Lyles met with AUSA Baxter on August 28, 2018. The parties continue to have substantial disputes regarding the government's designation of protected materials. Counsel for Defendant Lyles has proposed that, per the informal procedure detailed in ECF #194, the parties file a joint letter brief by September 5th and set a discovery conference date for the following week. In the meantime, counsel is continuing to attempt to clarify the reasons for the government's designations in hopes of reducing the scope of the disputes that will need to be decided by the court. The government has not yet responded to the proposal to file the joint letter brief by September 5th, which was emailed this morning.

### G. Search Warrant Information.

DEFENDANTS' CASE MANAGEMENT STATEMENT
CR 17-00533 EMC

The parties have met and conferred and exchanged several email communications. The defense has now identified 62 searches from the discovery produced to date. The defense has requested un-redacted discovery of various searches. See Discovery Letters #3 and #4. The government is reviewing the redacted discovery to determine whether un-redacted copies can be provided to defendants, to attorneys only or not at all.

The defense is continuing to review the discovery connected to the 62 searches to determine the universe of missing discovery. Once that material is identified, the defense will meet and confer regarding the disclosure of that material. The government is not aware of any 'missing discovery' related to the searches, but will continue to meet and confer with the defense to ensure that the government has met its obligations under Rule 16.

**H. Return of Motorcycles.**

Since the last court appearance, the government filed a Bill of Particulars for Forfeiture of Property on August 21, 2018. (Dkt#337.) Seven seized motorcycles are identified in the Bill of Particulars. The government indicated to the defense that agents also seized two motorcycles that are not identified in the Bill of Particulars as subject to forfeiture. The government seeks to retain custody of all seized motorcycles as evidence pending trial and appeal. As the court suggested, defense counsel proposed that the government's evidentiary interests could be adequately met by photographing the motorcycles, removing any logos, or any other reasonable procedure. The government indicated that it does not believe any such procedures would adequately protect its evidentiary interests in the motorcycles. Therefore, defense counsel intend to file motions for return of the motorcycles under Rule 41, Federal Rule of Criminal Procedure, to resolve this issue.

**I. Mr. Ranieri's Motion to Dismiss Count Two and, Alternatively, For a Bill of Particulars.**

At the July 10, 2018 Status Conference, Mr. Ranieri notified the Court, Judge Edward M. Chen, and the United States of his intent to file and serve a Motion to Dismiss and, alternatively, for a Bill of

DEFENDANTS' CASE MANAGEMENT STATEMENT
CR 17-00533 EMC

Particulars. Before doing so his counsel had met and conferred with the government in an effort to resolve or narrow the issues to be raised in this motion. The parties were, in good-faith, unable to do so. At that conference Judge Chen advised that he would preside over the hearing of this motion.

As directed by the Court at the August 14, 2018 Status Conference, Mr. Ranieri and the government agreed to a briefing schedule and hearing date for his motion in the form of a proposed stipulation. That agreement requires that he file and serve his motion on or before September 25, 2018; the government file and serve its response thereto on or before October 9, 2018; he file and serve his reply thereto, if any, on or before October 16, 2018; and government serve its sur-reply thereto, if any, on or before October 19, 2018. The parties also agreed to propose that the Court, if possible conduct a hearing of his on October 23, 2018, after the Status Conference scheduled for that date.

In this context, the government expressed to Mr. Ranieri's counsel its concerns that in entering into that stipulation it would be suggesting to the Court that it had agreed to litigate motions to dismiss on a defendant-by-defendant basis; requested his counsel circulate a revised stipulation to all defendants and inquire as to whether they would join his motion to dismiss Counts One and Two of the indictment or if they planned to file their own motions to dismiss. The government asserted that if other defendants so declined, it would request to that language be added to the scheduling stipulation that any later motions to dismiss Counts One and Two would be untimely and duplicative.

Mr. Ranieri's counsel replied that his motion and bill would address Count Two only, which charges the four co-defendants Jonathan Nelson, Russell Ott, Brian Wendt and Mr. Ranieri, and, consequently, that the government's concerns did not involve any defendant who may later seek to dismiss any other count in the indictment including the four Count Two co-defendants who also face other charges in the indictment. In an effort to narrow this dispute, he also requested that the government provide him with the language it would like to include in the proposed scheduling stipulation. He also suggested that the parties raise this issue with Judge Beeler during the

1  conference scheduled for August 29, 2018.  The government replied that this issue should instead
2  be raised with Judge Chen because he will preside at the hearing of Mr. Ranieri's motion.
3      The government later proposed that the following language be included in this scheduling
4  stipulation:

> The government stipulates to this schedule with the understanding that it
> will be imposed as to all defendants who wish to bring a motion to dismiss
> any charge in the indictment.  As the government informed the Court at the
> last status conference, the government objects to defendants filing successive
> motions to dismiss as the issues to be raised are purely legal and thus do not
> depend on the facts as to any individual defendant.

At this point, the four Count Two defendants intend to proceed with a Bill of Particulars only as to Count Two and presently refrain from filing a motion to dismiss that count and reserve their right to do so in the future as to any and all counts of the indictment thereby obviating the government's concerns. They do so despite their disagreement with the government on this issue and in view of the state of discovery and the posture of this case which prevents their counsel from effectively representing them and from adequately investigating the government's allegations and their defenses thereto. Consequently, they request that the Court adopt the briefing schedule the parties have agreed to and schedule a hearing of this Bill of Particulars on October 23, 2018 before Magistrate Judge Beeler before or after the Status Conference before Judge Chen scheduled for that date.