# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.



JONATHAN JOSEPH NELSON, et al.,

CR17-0533 EMC

DEFENDANT(S).



FILED
SEP 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# SUPERSEDING INDICTMENT

VIOLATIONS:
18 u.s.c. § 1962(d) – RICO Conspiracy, 18 u.s.c. § 1959(a)(5) – Conspiracy to Commit VICAR Murder; 18 U.S.C. § 1959(a)(1) – VICAR Murder; 18 U.S.C. § 1959(a)(2) – VICAR Maiming, 18 U.S.C. § 1959(a)(3) – VICAR Assault With a Dangerous Weapon, 18 u.s.c. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence, 18 U.S.C. § 1951(a)(1) – Hobbs Act Robbery, 18 U.S.C. § 1512(b) – Witness Intimidation; 18 U.S.C. § 1512(c)(1) – Obstruction of Justice; 18 U.S.C. § 1963(a), 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this ___11th___ day of

___September 2018___.

___Stephen Ybarra___

_____ Clerk

Bail, $ _no bail_ arrest warrant

___Sigson A Igoeto___

311 ct

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
JONATHAN JOSEPH NELSON

DISTRICT COURT NUMBER
CR 17-0533 EMC

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED SEP 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:            Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. JONATHAN JOSEPH NELSON**
**Superseding Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Two | 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering |
| Count Three | 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| Count Seven | 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Two | 10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Three | Death or mandatory life imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |

Count Seven          A consecutive sentence of not less than seven years and not more than life;
                     $250,000 fine; five years' supervised release; a $100 special assessment

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

---OFFENSE CHARGED---

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

~~SEALED COURT ORDER~~

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---DEFENDANT - U.S---

RAYMOND MICHAEL FOAKES

DISTRICT COURT NUMBER
CR 17-0533 EMC

*FILED SEP 11 2018 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

---PROCEEDING---

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

---DEFENDANT---

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  If "Yes" give date filed
been filed?  ☐ No
DATE OF ARREST ➡  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ➡  Month/Day/Year

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance   *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

Date/Time:   Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. RAYMOND MICHAEL FOAKES**
**Superseding Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| Count Eight | 18 U.S.C. § 1512(b) – Witness Intimidation |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Eight | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**
RUSSELL ALLEN LYLES, JR.

DISTRICT COURT NUMBER
CR 17-0533 EMC

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ALEX G. TSE
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Kevin Barry

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST    Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED SEP 11 2018 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT
Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. RUSSELL ALLEN LYLES, JR.**
**Superseding Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

███████████████████

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ JEREMY DANIEL GREER

DISTRICT COURT NUMBER

CR 17-0533 EMC

*FILED*
*SEP 11 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State

   If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed   _____

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. JEREMY DANIEL GREER**
**Superseding Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Counts Four and Nine | 18 U.S.C. § 1951(a) – Hobbs Act Robbery |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| Count Ten | 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Counts Four and Nine | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Ten | A consecutive sentence of not less than seven years and not more than life; $250,000 fine; five years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

### OFFENSE CHARGED

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

~~SEALED~~
~~BY COURT ORDER~~

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### DEFENDANT - U.S

▶ BRIAN WAYNE WENDT

DISTRICT COURT NUMBER
CR 17-0533 EMC

FILED
SEP 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction    ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed   Month/Day/Year

DATE OF ARREST ▶
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. BRIAN WAYNE WENDT**
**Superseding Indictment**

**Offenses Charged**

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Two | 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering |
| Count Three | 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering |

**Maximum Penalties**

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Two | 10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Three | Death or mandatory life imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

### OFFENSE CHARGED

See Attachment

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:   See Attachment

~~SEALED BY COURT ORDER~~

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form         ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)         Kevin Barry

---

### DEFENDANT - U.S

▶ RUSSELL TAYLOR OTT

DISTRICT COURT NUMBER

CR 17-0533 EMC

FILED
SEP 1 1 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}   ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes
been filed?     ☐ No

If "Yes"
give date
filed

DATE OF
ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:

☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. RUSSELL TAYLOR OTT**
**Superseding Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Two | 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering |
| Count Three | 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Two | 10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Three | Death or mandatory life imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1962(d) -- Racketeering Conspiracy

18 U.S.C. § 1959(a)(5) -- Conspiracy to Commit Murder in Aid of Racketeering

☐ Petty
☐ Minor
☐ Misde- meanor
☒ Felony

PENALTY:   Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### DEFENDANT - U.S

▶ CHRISTOPHER RANIERI

DISTRICT COURT NUMBER

CR 17-0533 EMC

FILED
SEP 11 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

### DEFENDANT

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal   ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ _____
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____
Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                  ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   See Attachment

---

**DEFENDANT - U.S**

▶   DAMIEN DAVID CESENA

DISTRICT COURT NUMBER

CR 17-0533 EMC

*FILED*
*SEP 11 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
    give name of court

_____

☐ this person/proceeding is transferred from another district
    per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of
    charges previously dismissed
    which were dismissed on motion
    of:                                  SHOW
    ☐ U.S. ATTORNEY  ☐ DEFENSE   DOCKET NO.
                                        }
                                        _____

☐ this prosecution relates to a
    pending case involving this same
    defendant                           MAGISTRATE
                                        CASE NO.
                                        }

☐ prior proceedings or appearance(s)
    before U.S. Magistrate regarding this
    defendant were recorded under       }

Name and Office of Person
Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

---

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior
       summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

    Northern District of California

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction          }  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
       If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed _____
DATE OF                 Month/Day/Year
ARREST       ▶ _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED         Month/Day/Year
TO U.S. CUSTODY  ▶ _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT      Bail Amount: _____

If Summons, complete following:               * Where defendant previously apprehended on complaint, no new summons or
☐ Arraignment   ☐ Initial Appearance        warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

_____              Date/Time: _____   Before Judge: _____

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. DAMIEN DAVID CESENA**
**Superseding Indictment**


**Offenses Charged**

Count One          18 U.S.C. § 1962(d) – Racketeering Conspiracy

Count Four         18 U.S.C. § 1951(a) – Hobbs Act Robbery

**Maximum Penalties**

Count One          Life imprisonment; $250,000 fine; five years' supervised release; a $100
                   special assessment

Count Four         20 years' imprisonment; $250,000 fine; three years' supervised release; a
                   $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1512(b) -- Witness Intimidation

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:   20 years' imprisonment; $250,000 fine; three years' supervised
release; a $100 special assessment

**DEFENDANT - U.S**

▶  BRIAN ALLEN BURKE

DISTRICT COURT NUMBER

CR 17-0533 EMC

*FILED*

*SEP 11 2018*

*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding
If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

DATE OF
ARREST   ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY   ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

Bail Amount:

If Summons, complete following:

☐ Arraignment   ☐ Initial Appearance

Defendant Address:

\* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1962(d) – Racketeering Conspiracy

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Life imprisonment;
$250,000 fine;
Five years' supervised release;
$100 special assessment

─── DEFENDANT - U.S ───
DAVID SALVATORE DIAZ, III

DISTRICT COURT NUMBER
CR 17-0533 EMC

*FILED*
*SEP 11 2018*
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed
which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form     ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Kevin Barry

### DEFENDANT

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding
1) ☐ If not detained give date any prior
summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction        ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes      If "Yes"
been filed?    ☐ No       give date filed

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1512(c)(1) – Obstruction of Justice

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

### DEFENDANT - U.S

MERL FREDRICK HEFFERMAN

DISTRICT COURT NUMBER

CR 17-0533 EMC

FILED

SEP 11 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

_____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form    ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction            } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No     give date filed

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

1  ALEX G. TSE (CABN 152348)
   United States Attorney
2

3

4

5  

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,              )   Case No. CR 17-0533 EMC
                                           )
13            Plaintiff,                    )
                                           )
14       v.                                 )
                                           )
15  JONATHAN JOSEPH NELSON, a/k/a "Jon     )   VIOLATIONS – 18 U.S.C. § 1962(d) – RICO
    Jon,"                                   )   Conspiracy, 18 U.S.C. § 1959(a)(5) – Conspiracy to
16  RAYMOND MICHAEL FOAKES, a/k/a "Ray     )   Commit VICAR Murder; 18 U.S.C. § 1959(a)(1) –
    Ray,"                                   )   VICAR Murder; 18 U.S.C. § 1959(a)(2) – VICAR
17  RUSSELL ALLEN LYLES, JR., a/k/a "J.R.," )   Maiming, 18 U.S.C. § 1959(a)(3) – VICAR Assault
    JEREMY DANIEL GREER,                    )   With a Dangerous Weapon, 18 U.S.C. § 924(c)(1)(A)
18  BRIAN WAYNE WENDT,                      )   – Use/Possession of a Firearm During a Crime of
    RUSSELL TAYLOR OTT, a/k/a "Rusty,"      )   Violence, 18 U.S.C. § 1951(a)(1) – Hobbs Act
19  CHRISTOPHER RANIERI, a/k/a "Rain Man,"  )   Robbery, 18 U.S.C. § 1512(b) – Witness
    DAMIEN DAVID CESENA,                    )   Intimidation; 18 U.S.C. § 1512(c)(1) – Obstruction of
20  BRIAN ALLEN BURKE, a/k/a "Bucky,"       )   Justice; 18 U.S.C. § 1963(a), 18 U.S.C. § 924(d), 18
    DAVID SALVATORE DIAZ, III, and          )   U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) –
21  MERL FREDRICK HEFFERMAN                  )   Criminal Forfeiture
                                           )
22                                          )
                                           )
23            Defendants.                   )   SAN FRANCISCO VENUE
                                           )
24                                          )
                                           )
25  _____ )

26

27

28

SUPERSEDING INDICTMENT

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

<u>Introduction</u>

At all times relevant to this Superseding Indictment, and with all dates being approximate and all date ranges being approximate and inclusive:

1.      The Hells Angels are a transnational violent outlaw motorcycle gang, and the Hells Angels Sonoma County chapter (HASC) is a subset of that organization whose members primarily operate in Sonoma County, California and surrounding counties, and whose activities have affected other parts of the United States.  HASC has been in operation since the early 1970s.  Associates of HASC include Hells Angels who have a close relationship with HASC, particularly members of the Fresno and Salem/Boston chapters of the Hells Angels.

2.      Members and associates of HASC signify their membership by wearing clothing, such as vests, with the words "Hells Angels" and the "death's head" logo.  These words and logo are displayed on the back of vests in the form of patches, coupled with a patch that indicates the geographical area claimed by the chapter—"California" in the case of HASC, as depicted below:



SUPERSEDING INDICTMENT                    2

1    Members of HASC and associates who are Hells Angels also wear tattoos bearing the words "Hells

2    Angels" and various iterations of the death's head symbol.  Members claim the colors red and white, and

3    they wear patches in these colors that signify their affiliation with HASC, such as smaller rectangular

4    patches on the front of their vests that state "Sonoma Co."

5         3.    Other red and white patches can indicate a member's role as an officer within HASC,

6    such as "President," or can indicate a close affiliation with a sister Hells Angels chapter.  For instance,

7    an HASC member wearing a "Boston" patch on his vest would indicate that he is held in esteem by the

8    Salem/Boston chapter, and a member of the Fresno chapter wearing a "Sonoma County" patch on his

9    vest would indicate that he is held in esteem by HASC.  Still other red and white patches are designed to

10   highlight aspects about HASC in general.  For instance, some HASC members wear rectangular red and

11   white patches that state "Young Guns."  This is a patch that HASC has adopted for itself which

12   commemorates the fact that at one point, HASC inducted the youngest member of the Hells Angels—

13   defendant RUSSELL LYLES—when he was 19 years old.  It also indicates that HASC was a vibrant

14   chapter, with several young members.

15        4.    HASC members and associates also display patches that celebrate deeds performed on

16   behalf of HASC or the Hells Angels in general.  A common one is the "Filthy Few" patch.  This patch,

17   in black and white, traditionally indicated that a member committed a murder on behalf of the Hells

18   Angels, but it can also indicate that the member has committed an HASC-related violent act.  Some

19   HASC members also have a "Sturgis Wrecking Crew" patch, which indicates that the member

20   performed some act of violence on behalf of HASC or the Hells Angels in general at the annual

21   motorcycle rally held in Sturgis, South Dakota.

22        5.    Members and associates of HASC are expected to protect the name, reputation, and status

23   of the gang and its individual members from harm, insult, or disrespect by rival gang members and other

24   persons.  HASC members require that all individuals show respect and deference to the gang, its

25   members and associates, and their families.  To protect the gang and to enhance its reputation, HASC

26   members are expected to use any means necessary, including acts of intimidation and violence, to obtain

27   respect from those who show its members disrespect.

28        6.    Members and associates of HASC engage in criminal activity, including murder,

SUPERSEDING INDICTMENT          3

narcotics distribution, assault, robbery, extortion, illegal firearms possession, and obstruction of justice by threatening, intimidating, and retaliating against witnesses whom they believed to be cooperating with law enforcement and by destroying evidence and providing false information to law enforcement. HASC members and associates commit acts of violence to maintain and enhance membership and discipline within the gang, including violence against rival gang members, those perceived to be rival gang members, rivals in general, those who disrespect or commit violence against HASC members or other Hells Angels, friends or family, as well as HASC members and associates who violate the gang's rules.

7.      HASC works cooperatively with other Hells Angels chapters to engage in criminal activity.  HASC has particularly close relationships with chapters in Fresno, California and Salem/Boston, Massachusetts.

8.      HASC has a formal leadership and membership structure that includes the following officers:  President, Vice-President, Secretary, Treasurer, and Sergeant at Arms.  While HASC members have voting rights on issues concerning the gang, HASC members ultimately answer to the officers, and the Sergeant at Arms is responsible for enforcing discipline within the gang, often using violence even against HASC members.  Becoming a member of HASC involves a formalized process.  A person interested in membership is first invited to become a "hangaround," someone who performs menial tasks on behalf of HASC and attempts to gain the respect of HASC members.  The next stage of membership is that of a "prospect."  A prospect is allowed to wear a vest with a bottom patch that says "California" and front patches that identify his status as a prospect and his local club, such as "Sonoma Co." for HASC.  Prospects can attend part of the weekly HASC meetings, referred to as "church," but they are not allowed to vote, and they must leave the meetings when important club business is discussed among members.  Prospects are expected to do whatever members ask.  At church, they guard the clubhouse. On motorcycle trips by the chapter, or "runs," they are expected to hold firearms.  A person generally is a prospect for a year before being considered for full membership.

9.      If a prospect successfully completes the one-year probationary period, the chapter can vote to make him a full member.  If accepted for membership, the person can then wear a vest with all the patches—the "Hells Angels" top patch on the back of the vest, the death's head patch in the middle,

SUPERSEDING INDICTMENT                    4

1   and the "California" patch on the bottom.  For this reason, actual HASC members are often referred to

2   as "full patch" members.  The member can also wear clothing, jewelry, and tattoos that explicitly use the

3   Hells Angels name and the death's head logo.

4       10.    HASC members and associates communicate about gang activities with other HASC

5   members using mobile telephones, telephone text messages, and other modes of electronic and wire

6   communications.

7                               The Racketeering Enterprise

8       11.    HASC, including its leadership, members, and associates constitutes an "enterprise" as

9   defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals

10  associated in fact that is engaged in, and the activities of which affect, interstate and foreign commerce.

11  The enterprise constitutes an ongoing organization whose members function as a continuing unit that has

12  a common purpose of achieving the objectives of the enterprise.

13                               Purposes of the Enterprise

14      12.    The purposes of the HASC enterprise, including its members and associates, include, but

15  are not limited to, the following:

16          a.    Preserving and protecting the power, territory, reputation, and profits of the

17  enterprise, its members, and family members, through the use of intimidation, violence, threats of

18  violence, assaults, and murder;

19          b.    Promoting and enhancing the enterprise and the activities of its members and

20  associates, including, but not limited to, murder, conspiracy to murder, narcotics trafficking, robbery,

21  extortion, witness intimidation, and other criminal activities;

22          c.    Keeping victims, potential victims, and community members in fear of the

23  enterprise and its members and associates through violence and threats of violence;

24          d.    Providing financial support and information to HASC members, including those

25  who are incarcerated; and

26          e.    Providing assistance to other HASC members who commit crimes for and on

27  behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from identifying the

28  offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

SUPERSEDING INDICTMENT            5

## The Means and Methods of the Enterprise

13.     The means and methods by which the defendants and other members and associates of HASC conduct and participate in the conduct of the affairs of HASC include, but are not limited to:

            a.        Members of HASC protect and expand the enterprise's criminal operation by committing, attempting, and threatening to commit violence, including murder, assaults, intimidation, and threats of violence directed against rival gang members, rivals in general, those who disrespect HASC, its members, associates, and families, and potential witnesses to the crimes of the enterprise;

            b.        Members of HASC promote a climate of fear through intimidation, violence, and threats of violence intended to promote the authority of the enterprise and its members and to insulate its members from prosecution for the criminal actions of the enterprise; and

            c.        Members of HASC use the enterprise to murder, assault, and threaten those who pose a threat to the enterprise.

14.     It is part of the means and methods of the enterprise that the defendants and other members and associates of HASC discuss with other members and associates of HASC, among other things, the membership and rules of HASC; the status of HASC members and associates who were arrested or incarcerated; the disciplining of HASC members; HASC members' encounters with law enforcement; the identities of individuals suspected of cooperating with law enforcement and the proposed actions to be taken against them; plans and agreements regarding the commission of future crimes, including murder, robbery, extortion, narcotics distribution, illegal possession of firearms, and assault, as well as ways to conceal these crimes; and the enforcement of the rules of HASC.

15.     It is further part of the means and methods of the enterprise that the defendants and other members and associates of HASC agreed to purchase, possess, maintain, use, and circulate a collection of firearms for use in criminal activity by the members and associates of HASC.

16.     It is further part of the means and methods of the enterprise that the defendants and other members and associates of HASC agreed that acts of violence, including murder, attempted murder, and assault, would be committed by members and associates of HASC against rival gang members and others when it suited the enterprise's purposes.

SUPERSEDING INDICTMENT                    6

17.     It is further part of the means and methods of the enterprise that the defendants and other members and associates of HASC agreed to distribute narcotics, to commit robbery, extortion, and other crimes, and to conceal their criminal activities by obstructing justice, threatening and intimidating witnesses, and other means.

The Defendants

18.     Defendant JONATHAN JOSEPH NELSON, a/k/a "Jon Jon," is the President of HASC. Defendant RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray," is a member of HASC and the former President of HASC. Defendant RUSSELL ALLEN LYLES, JR., a/k/a "J.R.," is a member of HASC and the former Sergeant at Arms of HASC. Defendant JEREMY DANIEL GREER is a former member of HASC. Defendant BRIAN WAYNE WENDT is the President of the Fresno chapter of the Hells Angels. Defendant RUSSELL TAYLOR OTT, a/k/a "Rusty," is a member of HASC and the former President of HASC. CHRISTOPHER RANIERI, a/k/a "Rain Man," is the President of the Salem/Boston chapter of the Hells Angels. Defendant DAMIEN DAVID CESENA is a member of HASC. Defendant BRIAN ALLEN BURKE, a/k/a "Bucky," is a member of HASC. Defendant DAVID SALVATORE DIAZ, III is the Secretary of HASC.   Defendant MERL FREDRICK HEFFERMAN is a member of the Fresno chapter of the Hells Angels.

COUNT ONE:          (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

The Racketeering Conspiracy

19.     Paragraphs 1 through 18 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

20.     Beginning on a date unknown to the Grand Jury but since at least 2007, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"<br>
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"<br>
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"<br>
JEREMY DANIEL GREER,<br>
BRIAN WAYNE WENDT,<br>
RUSSELL TAYLOR OTT, a/k/a "Rusty,"

SUPERSEDING INDICTMENT                    7

CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA, and
DAVID SALVATORE DIAZ, III

together with others known and unknown to the Grand Jury, each being a person employed by and associated with HASC, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the HASC enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts and threats involving offenses chargeable under the following provisions of California law:

        a.     murder, in violation of California Penal Code Sections 21a, 31, 187, 188, 189, 182, 422, and 664;

        b.     robbery, in violation of California Penal Code Sections 21a, 31, 211, 212, 212.5, 213, 182, and 664;

        c.     extortion, in violation of California Penal Code Sections 21a, 31, 182, 518, 519, 520, 524, and 664;

multiple acts indictable under the following provisions of federal law:

        d.     interference with commerce, robbery, and extortion, in violation of Title 18, United States Code, Section 1951; and

        e.     tampering with a witness, victim, or an informant, in violation of Title 18, United States Code, Section 1512;

and multiple offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

      21.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

//

//

SUPERSEDING INDICTMENT         8

1  Overt Acts

2      22.     In furtherance of the conspiracy and in order to effectuate the object thereof, the

3  defendants and their co-conspirators, in various combinations, directly and indirectly, within the

4  Northern District of California and elsewhere, committed overt acts, including, but not limited to, the

5  following:

6          a.      In July and August 2007, RAYMOND FOAKES committed acts of bank fraud

7  and money laundering in connection with a mortgage fraud scheme.  The purpose of the mortgage fraud

8  was to obtain a residence in which to establish an indoor marijuana cultivation operation.

9          b.      On or about February 10, 2008, JONATHAN NELSON and a San Francisco

10 Hells Angel assaulted an individual at a bar.

11         c.      On or about June 12, 2008, RUSSELL LYLES possessed three shotguns, a loaded

12 pistol, two rifles, a homemade mace-type weapon, two sets of brass knuckles, a drum-style large

13 capacity magazine for an AR-15 rifle, several knives, and eight Kevlar bulletproof vests.  LYLES was

14 also in possession of 84 growing marijuana plants at the same time.

15         d.      On or about June 4, 2011, HASC members assaulted a member of the rival Vagos

16 motorcycle gang.

17         e.      On or about July 15, 2014, BRIAN WENDT, aided and abetted by JONATHAN

18 NELSON and RUSSELL OTT, killed Victim 1 at the Fresno Hells Angels clubhouse.  The murder

19 began when JONATHAN NELSON directed Victim 1 to travel to the Fresno Hells Angels clubhouse to

20 meet with BRIAN WENDT, and on or about July 15, 2014, RUSSELL OTT travelled with Victim 1

21 from the Northern District of California to Fresno, California.  On or about July 16, 2014, Merl

22 Hefferman disposed of Victim 1's body.

23         f.      On or about January 15, 2015, DAMIEN CESENA and JEREMY GREER

24 conducted a home invasion robbery of Victim 2, during which they took marijuana.

25         g.      On or about August 25, 2015, DAMIEN CESENA possessed an illegal weapon—

26 a ball peen hammer—located in his motorcycle and a loaded magazine for a pistol located in his office.

27         h.      On or about September 2, 2015, JONATHAN NELSON and RUSSELL LYLES

28 stole a motorcycle from Victim 3.

SUPERSEDING INDICTMENT                    9

i.  On or about November 26, 2016, JONATHAN NELSON, RAYMOND FOAKES, RUSSELL LYLES, and JEREMY GREER, maimed and assaulted Victim 5.

j.  On or about November 26, 2016, RUSSELL LYLES, DAVID DIAZ, DAMIEN CESENA, and other HASC members stole property, including a motorcycle, from Victim 5.

k.  On or about November 26, 2016, RAYMOND FOAKES sexually assaulted Victim 6. During the assault, RAYMOND FOAKES threatened to harm Victim 6 and Victim 6's family if Victim 6 reported the assault.

l.  On or about December 19, 2016, JEREMY GREER robbed Victim 4 of marijuana and United States currency.

m.  On or about December 23, 2016, JEREMY GREER and a third person followed Victim 4 in a vehicle that contained two loaded pistols, zip ties pre-formed for ready handcuffs, latex gloves and other gloves, clown masks, blank keys, lockpicks for automobiles, camouflage outfits, a home-made club with nails embedded into it, bolt cutters, a fencepost driver that could be used as a door battering ram, and a large quantity of HASC paraphernalia, including two sweatshirts and a hat from the Hells Angels Salem/Boston chapter.

n.  On or about February 8, 2017, BRIAN BURKE threatened and intimidated Victim 6, who was a potential witness against RAYMOND FOAKES.

o.  On or about February 25, 2017, BRIAN WENDT and another member of the Fresno Hells Angels chapter possessed multiple Glock pistols, a Desert Eagle .44 magnum pistol, a Springfield Armory .45 caliber pistol, a .44 magnum revolver, a .357 magnum revolver, two rifles, a loaded high-capacity drum magazine for an assault rifle, various loaded magazines, loose ammunition, and several knives.

p.  On or about February 26, 2017, DAVID DIAZ illegally possessed a 13 inch knife.

All in violation of Title 18, United States Code, Section 1962(d).

NOTICE OF SPECIAL SENTENCING FACTORS AS TO COUNT ONE

Number 1: Conspiracy to Commit Murder

23.  Beginning on a date unknown to the Grand Jury but since at least the mid-1990s, and continuing up through and including the present, in the Northern District of California and elsewhere,

SUPERSEDING INDICTMENT                    10

the defendants,

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
BRIAN WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty," and
CHRISTOPHER RANIERI, a/k/a "Rain Man,"

together with others known and unknown to the Grand Jury, each being a person employed by and associated with HASC, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally conspired to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, to wit, the defendants agreed together and with each other to kill, with malice aforethought, actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of HASC.

<u>Number 2: JONATHAN JOSEPH NELSON, BRIAN WENDT, and</u>

<u>RUSSELL TAYLOR OTT — First Degree Murder of Victim 1</u>

24.    On or about July 15, 2014, in the Northern District of California and elsewhere, the defendants

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
BRIAN WENDT, and
RUSSELL TAYLOR OTT, a/k/a "Rusty"

unlawfully, willfully and intentionally and with deliberation and premeditation, killed with malice aforethought Victim 1, in violation of California Penal Code Sections 31, 187, 188, and 189.

<u>COUNT TWO</u>:          (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of
Racketeering)

25.    Paragraphs 1 through 18 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

26.    The HASC enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts and threats in violation of California Penal Code Sections 21a, 31, 187, 188, 189, 182, 422 and 664

SUPERSEDING INDICTMENT          11

(involving murder); multiple acts and threats in violation of California Penal Code Sections 21a, 31, 211, 212, 212.5, 213, 182, and 664 (involving robbery); multiple acts in violation of California Penal Code Sections 21a, 31, 182, 518, 519, 520, 524, and 664 (involving extortion); multiple acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion) and 1512 (relating to tampering with a witness, victim, or an informant); and multiple offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

27.     Beginning on a date unknown to the Grand Jury, but continuing to on or about July 15, 2014, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in racketeering activity, defendants

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty," and
CHRISTOPHER RANIERI, a/k/a "Rain Man,"

conspired together and with others known and unknown to murder Victim 1, in violation of California Penal Code Sections 182, 187, 188, and 189.

All in violation of Title 18, United States Code, Section 1959(a)(5).


COUNT THREE:      (18 U.S.C. § 1959(a)(1) — Murder in Aid of Racketeering)

28.     Paragraphs 1 through 18 and 26 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

29.     On or about July 15, 2014, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in racketeering activity, the defendants

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
BRIAN WAYNE WENDT, and
RUSSELL TAYLOR OTT, a/k/a "Rusty"

each aided and abetted by the other, unlawfully and knowingly murdered Victim 1, in violation of

SUPERSEDING INDICTMENT                    12

1 | California Penal Code Sections 187, 188, and 189.

2 |      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

3 |

4 | COUNT FOUR:     (18 U.S.C. § 1951(a) — Hobbs Act Robbery)

5 |      30.     On or about January 15, 2015, in the Northern District of California, defendants

6 | JEREMY DANIEL GREER and
7 | DAMIEN DAVID CESENA,

8 | each aided and abetted by the other, knowingly obstructed, delayed, and affected commerce and the

9 | movement of articles and commodities in commerce by robbery, as that term is defined in Title 18,

10 | United States Code, Section 1951(b)(1); that is, defendants robbed Victim 2 of marijuana.

11 |      All in violation of Title 18, United States Code, Sections 1951(a) and 2.

12 |

13 | COUNT FIVE:     (18 U.S.C. § 1959(a)(2) — Maiming in Aid of Racketeering)

14 |      31.     Paragraphs 1 through 18 and 26 of this Superseding Indictment are realleged and

15 | incorporated by reference as though fully set forth herein.

16 |      32.     On or about November 26, 2016, in the Northern District of California, for the purpose of

17 | gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in

18 | racketeering activity, defendants

19 | JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
20 | RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.," and
21 | JEREMY DANIEL GREER,

22 |

23 | each aided and abetted by the others, unlawfully and knowingly maimed Victim 5, in violation of

24 | California Penal Code Section 203.

25 |      All in violation of Title 18, United States Code, Sections 1959(a)(2) and 2.

26 | //

27 | //

28 | //

SUPERSEDING INDICTMENT     13

1  COUNT SIX:         (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in Aid of

2                    Racketeering)

3        33.     Paragraphs 1 through 18 and 26 of this Superseding Indictment are realleged and

4  incorporated by reference as though fully set forth herein.

5        34.     On or about November 26, 2016, in the Northern District of California, for the purpose of

6  gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in

7  racketeering activity, defendants

8                    JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"

9                    RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
                     RUSSELL ALLEN LYLES, JR., a/k/a "J.R.," and

10                   JEREMY DANIEL GREER,

11 each aided and abetted by the others, unlawfully and knowingly assaulted Victim 5 with a dangerous

12 weapon, specifically, a firearm, in violation of California Penal Code Section 245(a)(2).

13       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

14

15 COUNT SEVEN:     (18 U.S.C. § 924(c)(1)(A) — Use/Possession of a Firearm During a Crime of

16                   Violence)

17       35.     On or about November 26, 2016, in the Northern District of California, defendant

18                   JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"

19 together with others known and unknown, unlawfully and knowingly used, carried, and brandished a

20 firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the

21 United States, namely, the maiming in aid of racketeering of Victim 5 charged in Count Five of this

22 Superseding Indictment and the assault with a dangerous weapon in aid of racketeering of Victim 5

23 charged in Count Six of this Superseding Indictment, and possessed and brandished a firearm in

24 furtherance of the offenses charged in Counts Five and Six of this Superseding Indictment.

25       All in violation of Title 18, United States Code, Section 924(c)(1)(A).

26 //

27 //

28

SUPERSEDING INDICTMENT           14

1  COUNT EIGHT:          (18 U.S.C. § 1512(b) — Witness Intimidation)

2      36.    On or about November 26, 2016, in the Northern District of California, defendant

3      RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"

4  knowingly attempted to intimidate and threaten and corruptly persuade Victim 6 by threatening to harm

5  Victim 6 and Victim 6's family with the intent to influence and delay and prevent the testimony of

6  Victim 6 in an official proceeding, to wit, any adjudication of RAYMOND FOAKES' violation of the

7  conditions of his supervised release in Case No. CR 11-0624 WHA (N.D. Cal.).

8      All in violation of Title 18, United States Code, Section 1512(b)(1).

9

10  COUNT NINE:          (18 U.S.C. § 1951(a) — Hobbs Act Robbery)

11      37.    On or about December 19, 2016, in the Northern District of California, defendant

12      JEREMY DANIEL GREER

13  knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities

14  in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1); that

15  is, defendant robbed Victim 4 of marijuana and United States currency.

16      All in violation of Title 18, United States Code, Section 1951(a).

17

18  COUNT TEN:          (18 U.S.C. § 924(c)(1)(A) — Use/Possession of a Firearm During a Crime of

19      Violence)

20      38.    On or about December 19, 2016, in the Northern District of California, defendant

21      JEREMY DANIEL GREER

22  unlawfully and knowingly used, carried, and brandished a firearm during and in relation to a crime of

23  violence for which he may be prosecuted in a court of the United States, namely, the robbery of Victim

24  4 charged in Count Nine of this Superseding Indictment, and possessed a firearm in furtherance of the

25  offense charged in Count Nine of this Superseding Indictment.

26      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

27  //

28  //

SUPERSEDING INDICTMENT               15

1  COUNT ELEVEN:    (18 U.S.C. § 1512(b) — Witness Intimidation)

2      39.    On or about February 8, 2017, in the Northern District of California, defendant

3                      BRIAN ALLEN BURKE, a/k/a "Bucky,"

4  knowingly attempted to intimidate and threaten and corruptly persuade Victim 6 by threatening to shoot

5  Victim 6 with a firearm with the intent to influence and delay and prevent the testimony of Victim 6 in

6  an official proceeding, to wit, the adjudication of RAYMOND FOAKES' violation of the conditions of

7  his supervised release in Case No. CR 11-0624 WHA (N.D. Cal.).

8      All in violation of Title 18, United States Code, Section 1512(b)(1).

9

10  COUNT TWELVE:    (18 U.S.C. § 1512(c)(1) — Obstruction of Justice)

11      40.    On or about July 16, 2014, in the Northern District of California and elsewhere,

12  defendant

13                      MERL FREDRICK HEFFERMAN

14  corruptly altered, destroyed, mutilated, and concealed an object, to wit, the body of Victim 1, referred to

15  in paragraph 22(e), above, with the intent to impair its integrity and availability for use in an official

16  proceeding, to wit, the federal prosecution of the defendants listed in this Superseding Indictment.

17      All in violation of Title 18, United States Code, Section 1512(c)(1).

18

19  NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT JONATHAN JOSEPH NELSON

20      41.    The allegations set forth in Count Three of this Superseding Indictment are hereby

21  realleged as if fully set forth herein and incorporated by reference.

22      42.    As to Count Three of this Superseding Indictment, the defendant, JONATHAN JOSEPH

23  NELSON:

24      (1)    was 18 years of age or older at the time of the offense (Title 18, United States Code,

25  Section 3591(a));

26      (2)    intentionally participated in an act, contemplating that the life of a person would be taken

27  or intending that lethal force would be used in connection with a person, other than one of the

28

SUPERSEDING INDICTMENT            16

participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

(3)     in committing the offense described in Count Three of this Superseding Indictment, the defendant acted after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT BRIAN WENDT

43.     The allegations set forth in Count Three of this Superseding Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

44.     As to Count Three of this Superseding Indictment, the defendant, BRIAN WENDT:

(1)     was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a));

(2)     intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

(4)     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

(5)     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

(6)     in committing the offense described in Count Three of this Superseding Indictment, the defendant acted after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

//

//

SUPERSEDING INDICTMENT                    17

1    NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT RUSSELL TAYLOR OTT

2         45.     The allegations set forth in Count Three of this Superseding Indictment are hereby

3    realleged as if fully set forth herein and incorporated by reference.

4         46.     As to Count Three of this Superseding Indictment, the defendant, RUSSELL TAYLOR

5    OTT:

6         (1)     was 18 years of age or older at the time of the offense (Title 18, United States Code,

7    Section 3591(a));

8         (2)     intentionally participated in an act, contemplating that the life of a person would be taken

9    or intending that lethal force would be used in connection with a person, other than one of the

10   participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code,

11   Section 3591(a)(2)(C)); and

12        (3)     in committing the offense described in Count Three of this Superseding Indictment, the

13   defendant acted after substantial planning and premeditation to cause the death of a person (Title 18,

14   United States Code, Section 3592(c)(9)).

15

16   FORFEITURE ALLEGATION:      (18 U.S.C. § 1963(a); 18 U.S.C. § 924(d); 18 U.S.C. §

17                                981(a)(1)(C); 28 U.S.C. § 2461(c))

18        47.     The factual allegations contained in Count One this Superseding Indictment are realleged

19   and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the

20   provisions of 18 U.S.C. § 1963(a).  Upon conviction of the offense alleged in Count One, the defendants

21                    JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
                      RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
22                    RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
                      JEREMY DANIEL GREER,
23                    BRIAN WAYNE WENDT,
                      RUSSELL TAYLOR OTT, a/k/a "Rusty,"
24                    CHRISTOPHER RANIERI, a/k/a "Rain Man,"
                      DAMIEN DAVID CESENA, and
25                    DAVID SALVATORE DIAZ, III
26
27
28   shall forfeit to the United States, pursuant to 18 U.S.C. § 1963(a), (1) any interest the person has

     SUPERSEDING INDICTMENT              18

1  acquired or maintained in violation of 18 U.S.C. § 1962; (2) any interest in, security of, claim against, or
2  property or contractual right of any kind affording a source of influence over, any enterprise which the
3  person has established, operated, controlled, conducted or participated in the conduct of, in violation of
4  18 U.S.C. § 1962; and (3) any property (including real property and things growing thereon, affixed
5  thereto and found in land, and any tangible and intangible personal property including rights, privileges,
6  interests, claims, and securities), constituting or derived from any proceeds which the person obtained
7  directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962, including but not
8  limited to the following property:
9      a.      One Harley Davidson motorcycle, license plate number 21M1780,
10     b.      One Harley Davidson motorcycle, license plate number 21J9345,
11     c.      One Harley Davidson motorcycle, license plate number 16N5106,
12     d.      One Harley Davidson motorcycle, license plate number 22M3666,
13     e.      One Harley Davidson motorcycle, license plate number 22F4360,
14     f.      One Harley Davidson motorcycle, license plate number 20A9211,
15     g.      One Harley Davidson motorcycle, license plate number 20H2093,
16     h.      Clothing, memorabilia, and other items showing, containing or including Hells Angels or
17  Hells Angels-associated logos or other indicia, which was seized from the following locations on
18  November 18, 2017:
19         i.      91 Bailache Ave., Healdsburg, CA,
20         ii.     2765 Antelope Ln., Santa Rosa, CA,
21         iii.    9149 Windsor Rd., Windsor, CA,
22         iv.     Big Shots Screen Printing, 5900 Pruit Ave., #526, Santa Rosa, CA,
23         v.      North Bay Roofing and Gutter Co., 887 Sebastopol Rd., Santa Rosa, CA,
24         vi.     1430 Country Manor Dr., Santa Rosa, CA,
25         vii.    129 Carrillo St., Santa Rosa, CA,
26         viii.   648 Auburn St., Tulare, CA,
27         ix.     2346 Basque Ct., Santa Rosa, CA.
28

SUPERSEDING INDICTMENT            19

48.     The factual allegations contained in Counts One through Eleven of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  Upon conviction of the offenses alleged in Counts One through Twelve, defendants,

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
JEREMY DANIEL GREER, and
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty,"
CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA,
BRIAN ALLEN BURKE, a/k/a "Bucky," and
DAVID SALVATORE DIAZ, III,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in a violation of the offenses.

49.     The factual allegations contained in Counts Four, Eight, Nine, and Eleven of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Upon conviction of the offenses alleged in Counts Four, Eight, Nine, Eleven, and Twelve, defendants

JEREMY DANIEL GREER,
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
DAMIEN DAVID CESENA, and
BRIAN ALLEN BURKE, a/k/a "Bucky,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or any property traceable to such property.

50.     If any of the property described above, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to or deposited with, a third person;

        c.     has been placed beyond the jurisdiction of the Court;

SUPERSEDING INDICTMENT                20

1      d.      has been substantially diminished in value; or

2      e.      has been commingled with other property which cannot be divided without

3              difficulty;

4   any and all interest the defendant has in any other property (not to exceed the value of the above

5   forfeitable property) shall be forfeited to the United States, pursuant to 18 U.S.C. § 1963(m) and 21

6   U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

7          All in violation of 18 U.S.C. § 1963(a); 18 U.S.C. § 924(d); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C.

8   § 2461(c) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

9

10  DATED:   9/11/18                              A TRUE BILL.

11

12                                               FOREPERSON

13  ALEX G. TSE
    United States Attorney

14

15  _____

16  STEPHANIE HINDS
    Deputy Chief, Criminal Division

17

18  (Approved as to form: _____)
                         AUSA KEVIN J. BARRY

19

20

21

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT                 21