

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*  (415)436-7200
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*  *FAX: (415)436-7234*

October 22, 2019

Via Email

Martin Sabelli
msabelli@sabellilaw.com

And other counsel

    Re:    *United States v. Nelson*, CR 17-0533 EMC
              Preliminary Expert Disclosure – Meet and Confer Letter

Dear Counsel:

      I write in response to your email of October 14, 2019 regarding the government's disclosure of anticipated expert witness testimony regarding the Sonoma County Hells Angels, the Hells Angels nationally and internationally, and CAST cell phone location information.

      With respect to the CAST expert, I am attaching the CV of Special Agent Sparano. In terms of the "engineering surveys" that you requested, I understand this to be reference to testing sometimes performed by CAST agents, with their own equipment, to determine tower locations. In this case, due to the passage of time, the analysis in the two CAST reports was based on tower locations provided by the cellular providers and by call detail records.

      The call detail records are being copied and will be produced shortly. The tower list is a rather large file—22MB. I believe it is too large to email. We can reach out to Kevin Morley to get these files to you, as I understand he may be back today.

      The CAST analysis for February 2015 pertains to the cremation of another body in essentially the same manner as Joel Silva. This is discussed in paragraphs 31-35 of the affidavit in support of the search of Defendant Hefferman's residence, with was produced to you on March 6, 2019.

      With respect to the enterprise experts, I respectfully disagree with your interpretation of the scope and bases of gang expert testimony that Judges have allowed in the Northern District. Based on your interpretation, you raise several objections to the disclosure. First, you object to

the fact that the disclosure does not differentiate between lawful and unlawful conduct. I don't see how this is a basis for objection. That seems a topic for cross examination. Further, an opinion that specific behavior is unlawful would likely implicate the justification for limiting expert testimony that the Judges in this district have cited, particularly Judge Alsup in *Cerna*. Judge Alsup wanted the jury to hear facts proving up the existence of the enterprise, facts that the jury could consider in assessing whether the government met its burden to establish the elements of a RICO charge. The Judge did not want the jury to hear an opinion that MS-13 was a criminal enterprise, and therefore, the defendants' tattoos meant that they were guilty of RICO. Thus, I don't believe that the notice's failure to differentiate between lawful and unlawful conduct is a ground to object to it.

      Second, you assert that the disclosure provides no basis for the witnesses' opinions other than training and experience, and you claim that this is impermissible for expert opinion. Again, I respectfully disagree with your reading of the cases. Even where courts in this district have limited the scope of gang expert testimony, they have nevertheless permitted it, and the basis for that testimony was the witnesses' training and experience. I also note that a frequent issue with permitted "training and experience" expert testimony concerns situations where the expert is also a percipient witness. Courts have been concerned with the jury giving more weight or credibility to the officer who has been designated as an expert when he or she shifts into a mode where he or she is presenting factual testimony. Here, the government will not be offering either enterprise expert as a percipient witness.

      However, in an effort to meet and confer, I will submit a revised expert disclosure for the local enterprise expert. My intent is to demonstrate how the proposed opinions line up with the scope of gang expert testimony that courts have permitted in this district. I am speaking with the expert tomorrow (Wednesday, October 23, 2019), and I will endeavor to have the revised disclosure to you on Friday. If I cannot do so, I will provide you with an update on Friday.

      With respect to the national and international enterprise expert, it appears that your objection is that the opinion is too broad and that it is historical, rather than expert. Your October 14, 2019 email simply requests a different, and more "succinctly summarized" disclosure. Instead, if you could specify the areas to which you object to that notice, it would be helpful.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

      /s/
KEVIN J. BARRY
Assistant United States Attorney