DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-533-EMC |
| Plaintiff, | Status Report |
| v. | Date: February 7, 2020 |
| JONATHAN JOSEPH NELSON et al, | 2:30 p.m. |
| Defendants. | |

The United States provides this status report in advance of tomorrow's hearing.

**I.    Capital Case Review**

The United States Attorney's Office inquired about the status of this case on January 27, 2020, and was informed that review is still pending. The United States Attorney's Office will continue to follow up in an effort to expedite a resolution of this issue, and will notify the Court and the defendants as soon as additional information is available.

**II.    Discovery**

**A.  Status regarding search warrants, electronic discovery, and forensic discovery**

The status report provided by counsel for defendants David Diaz and Russell Ott accurately

reports the discussions between the parties since the last appearance before this Court. ECF No. 929.

The filed return for one state search warrant is still outstanding. *See* ECF No. 929 at 4. The United States has produced an inventory of the items seized pursuant to the warrant, but does not yet have possession of the filed return. Last week, we were informed that the filed return was not in the possession of either the Lake County District Attorney's Office or the Lake County Sherriff's Office. Our request to the Lake County Superior Court is still outstanding.

On February 4, 2020, counsel for Diaz identified an additional apparent discrepancy in the index of evidence sent to the laboratory. The United States believes it will be able to resolve this question shortly.

### B. Discovery regarding enterprise witnesses

On January 13, 2020, defendant Brian Wendt filed a statement arguing that the United States' disclosures with respect to two enterprise experts were inadequate. As described at the last status conference, the United States has identified two proposed experts who can testify about a limited number of Hells Angels symbols, terms, and territory,[1] based on their training and experience. The United States further provided CVs reflecting that each expert has worked in law enforcement for over a decade, and has contributed to hundreds of investigations into gangs, including investigations into Outlaw Motorcycle Gangs such as the Hells Angels.

Wendt believes the United States is required to produce "all reports, notes, recordings, data, reasons, information, methods, sources (including debriefings or cooperator statements where applicable), and investigative facts and evidence written or relied upon" by the proposed experts—in other words, all documents related to any relevant investigation they have ever worked. The United States disagrees with Wendts's analysis of Rule 16. So too have courts. *United States v. Cerna*, 2010 WL 2347406, at *2 (N.D. Cal. June 8, 2010) ("Rule 16(a) (1)(G) does not require recitation of the chapter and verse of the experts' opinions, bases and reasons. No rule, statute, or decision necessitates such comprehensive disclosure.").

Nonetheless, the United States has provided a supplemental expert disclosure with respect to one

---

[1] The United States identified the specific anticipated opinions of the proposed experts.

Status Report 2
17-CR-533-EMC

of the proposed experts, that includes hundreds of pages of internal Hells Angels documents—such as rulebooks, meeting minutes, and histories—that the expert has reviewed, analyzed, and discussed with confidential sources or other law enforcement officers during the course of his career. Documents such as these—along with the expert's decade of experience contributing to investigations of Outlaw Motorcycle Gangs—forms the bases for his testimony.

DATED:  February 6, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 _/s Ajay Krishnamurthy_
AJAY KRISHNAMURTHY
KEVIN J. BARRY
Assistant United States Attorneys