1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  AJAY KRISHNAMURTHY (CABN 305533)
   KEVIN J. BARRY (CABN 229748)
5  Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7050
        FAX: (415) 436-7234
8       Ajay.krishnamurthy@usdoj.gov

9  Attorneys for United States of America

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,            )   **CASE NO. 17-CR-533-EMC**
14                                       )
           Plaintiff,                    )   Status Report
15                                       )
       v.                                )   Date: February 7, 2020
16                                       )        2:30 p.m.
   JONATHAN JOSEPH NELSON et al,         )
17                                       )
           Defendants.                   )
18  _____ )

19
           The United States provides this response to Wendt's status report. ECF No. 966.

20
   **I.     Enterprise Expert Testimony**

21
           It may be, that after briefing, argument, and/or an evidentiary hearing, the Court agrees with the

22
   defense and decides that the proposed expert testimony does not pass muster under Federal Rule of

23
   Evidence 702. But respectfully, the United States does not believe Wendt's most recent filing accurately

24
   reports the state of the recent disclosures.

25
   //
26
   //
27
   //
28

Status Report
17-CR-533-EMC

                                1

1    For example, on page 4 of his filing, Wendt claims that the United States has provided him with

2  "no basis" for the information about HAMC's structure set out in Point 20a—including that "[s]ix

3  members are required for the charter to operate and remain functional" and "[a]ll charters report to the

4  higher levels of the organization at the regional, national and world level." ECF No. 966 at 4. But the

5  internal HAMC documents cited in the disclosure themselves describe the structure of the HAMC in

6  those terms.

7    Specifically, the footnote for Point 20 (which immediately precedes Point 20a and addresses the

8  same topic) states that Specialist Scheetz has reviewed internal HAMC documents that discuss HAMC's

9  structure, including the documents produced at EXPERT00000365–EXPERT0000395. That document,

10  in turn, is an HAMC "World Rules" book that provides that, "[t]o form a charter there must be a

11  minimum of six Members on the street," EXPERT00000370, that "[t]he World Rules must always be

12  followed, but any country, state or charter can make their own stricter rules," EXPERT-00000368.

13    The footnote for Point 20 also cited an HAMC rulebook produced at EXPERT-00000002–

14  EXPERT-00000149.  That internal HAMC document provides that "[c]harter autonomy is a basic right

15  but cannot supersede any World Rule," EXPERT-00000010. Moreover, the United States' Expert

16  Production included examples of charter rules (EXPERT-00000174), regional rules (EXPERT-

17  00000187), and country rules (EXPERT-00000185).

18    Again, the Court may ultimately decide that these rulebooks—which describe the structure of the

19  HAMC consistently with Scheetz's opinion—do not support Scheetz's conclusion. But it is inaccurate to

20  say that he has not identified the basis for his opinion.

21    Similarly, on page 4 of his filing, Wendt claims that Specialist Scheetz has provided no basis for

22  his description of the Filthy Few tag. However, the expert disclosure informed the defense that Scheetz

23  has reviewed an expert report prepared by Jorge Gil-Blanco. That report, on EXPERT-000000281, states

24  that the Filthy Few tag "[m]eans the wearer has committed an act of violence for the benefit of the

25  gang." Further, the expert disclosure informed the defense that books and press also discussed the same

26  tag (and identified material that described the tag consistently with the report of Gil-Blanco), and that

27  Scheetz had personally observed HAMC members wearing the tag, viewed photographs of HAMC

28  members wearing the tag, and talked with a source about the meaning of the tag.

1    As an additional example, Specialist Scheetz described the "Purple Heart" tag as one that is worn

2 by "any member who has given his blood in the defense and honor of the HAMC." ECF No. 966-1 at 6.

3 The basis for this conclusion is that Scheetz has viewed an internal HAMC document that states "Any

4 member who has earned the Deathhead Purple Heart has given his blood, in the defense and Honor of

5 the Hells Angels Motorcycle Club, and shall be forever be revered[.]" ECF No. 966-1 at 6.

6    Similarly, Specialist Scheetz concludes that the HAMC has been involved in violent

7 confrontations with rival motorcycle gangs. ECF No. 966-1 at 12. The basis for this conclusion is

8 several pages of specific incidents in which the HAMC has been involved in violent confrontations with

9 rival motorcycle gangs. ECF No. 966-1 at 12–19. Some of these incidents have even resulted in federal

10 cases in this district, with which Specialist Scheetz is familiar. ECF No. 966-1 at 12 n.20.

11    Wendt's contentions underscore the need for an evidentiary hearing on this issue. As discussed at

12 the last hearing, Specialist Scheetz and Officer Austin may not always be reporting facts that they have

13 learned from an identifiable source, but also conclusions and inferences they have drawn over their years

14 of experience investigating gangs such as the HAMC. They have now identified specific documents,

15 newspaper articles, books, cases, incidents, locations, events, photographs, and even HAMC members,

16 *see* ECF No. 966-1 at n.8, that they are prepared to describe for the Court. They are also prepared to

17 explain to the Court how those specific pieces of information have led them to the conclusions they have

18 formed.

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

## II.      Non-Enterprise Expert Disclosures

Wendt complains that "[t]he government has not provided further CAST" disclosures. ECF No. 966 at 6. As the Court may recall, at the last hearing, Wendt's counsel acknowledged that he intended to—but had not yet—provided the United States with specific objections to its prior CAST expert disclosures following our invitation to do so in January 2020. Counsel still has not provided those objections.

Wendt also complains that the United States has not provided "third-wave expert disclosures." ECF No. 966 at 6. At the last status hearing on February 7, 2020, the United States requested four additional weeks to disclose these expert witnesses. The Court agreed with this request. Consistent with the Court's order, we plan to provide additional expert disclosures today.

DATED:  March 6, 2020                                              Respectfully submitted,

DAVID L. ANDERSON
United States Attorney


 _/s Ajay Krishnamurthy____
AJAY KRISHNAMURTHY
KEVIN J. BARRY
Assistant United States Attorneys