UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES

**Date:** 3/09/2020  **Time** 10:40 –11:33 = 53 Minutes  **Judge:** EDWARD M. CHEN

**3:17-cr-00533-EMC -1 - USA v. Jonathan Joseph Nelson (present; custody)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Richard Novak
**3:17-cr-00533-EMC-2 - USA v. Raymond Michael Foakes (present; custody)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: George Boisseau
**3:17-cr-00533-EMC-3 - USA v. Russell Allen Lyles, Jr. (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: George Boisseau for Michael Clough
**3:17-cr-00533-EMC-4 - USA v. Jeremy Daniel Greer (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Robert Wagganer for Randy Sue Pollock
**3:17-cr-00533-EMC-5 - USA v. Brian Wayne Wendt (present; custody)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Martin Sabelli, John Philipsborn
**3:17-cr-00533-EMC-6 - USA v. Russell Taylor Ott (present)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Robert Waggener, Marcia Morrissey
**3:17-cr-00533-EMC-7 - USA v. Christopher Ranieri  (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Martin Sabelli for John Walsh
**3:17-cr-00533-EMC-8 - USA v. Damien David Cesena (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Galia Amram
**3:17-cr-00533-EMC - 9 USA v. Brian Burke (present)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: Erik Babcock
**3:17-cr-00533-EMC - 11 USA v. David Salvatore Diaz (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: James Thomson
**3:17-cr-00533-EMC - 12 USA v. Merl Frederick Hefferman (appearance waived)**
AUSA: Ajay Krishnamurthy, Kevin Barry / DEF: James Bustamonte

**Deputy Clerk:** Angella Meuleman  **Court Reporter:** Ana Dub

**Interpreter:** N/A  **Probation Officer:** N/A

## PROCEEDINGS

- Status Conference Re: *Daubert* Discovery and Disclosure - HELD.

**SUMMARY**

Parties stated appearances.

**Death Penalty Eligibility**

The Government has not received an update from Washington D.C. regarding the decision to seek the death penalty. It did represent, however, that the application has not yet made it to the Attorney General's desk, which will represent the final stage of the decision-making process. The Government has no timetable for the decision once it reaches the AG's desk. Defense counsel renewed their request for this Court to impose a deadline for the Government to file its Notice of Intent. The Government objected. This Court orders the Government to file its formal objection to the defense's request by **March 16, 2020**.

**The Government's *Daubert* Disclosures**

Regarding the Government's expert-witness disclosures relating to the enterprise experts (Mr. Scheetz and Mr. Austin), the defense argued they are still insufficient. More specifically, the defense argued that some of the proposed methodologies remain vague and conclusory. For example, as to Mr. Scheetz's expert opinion regarding the "Filthy Few" tag, the Government cited generalized bases for these opinions—*e.g.*, "conversations with undercover officers, informants, and current and former members of the HAMC, and his review of literature produced by and about the HAMC." Docket No. 966-1, at 5. Although the Government cited some specific examples of bases supporting his opinion, they are cited as examples; he did not provide an inclusive list of sources with specificity.

To the extent there are multiple bases on which Mr. Scheetz may rely for his expert opinions beyond those specifically identified by bate stamps, the Government must disclose them with enough specificity in advance of the April 1, 2020 evidentiary hearing to allow for meaningful cross-examination under Federal Rule of Evidence 702. The Government will be precluded from introducing a new basis for an expert witness's opinion on direct examination if it did not previously disclose such basis with specificity. To be clear, if Mr. Scheetz's opinion was formed from reading certain literature or attending a particular rally, the Government must specifically describe all the literature (if more than one) or the specific event(s) or conversation(s) at the rally that formed his opinion; and not just rely on a generalized statement that he attended rallies. This enhanced disclosure is designed to avoid any unnecessary breaks in what the Court and the parties expect to be a comprehensive evidentiary hearing, in order to prepare for cross-examination. The Government knows of the bases of the expert witness which it intends to elicit; there is no good reason for the Government not to disclose those now in advance of the hearing. The Government is not required to provide an outline of its direct examination, but the disclosure must not be so generic that it is meaningless. Additionally, if a basis is not presented at the *Daubert* hearings, the witness will be precluded from relying on the basis at trial, absent good cause.

The Court orders the Government to make its supplemental expert-witness disclosure by **March 13, 2020**. This Court additionally sets **April 3, 2020 at 10:30 A.M.** as an evidentiary hearing in addition to April 1, 2020.

Parties are further ordered to meet and confer regarding the second and third phases of the *Daubert* proceedings (*e.g.*, CAST experts and remaining experts) and be prepared to schedule dates for disclosures and *Daubert* hearings at the next status conference on **March 20, 2020**. The level of specificity required herein of expert-witness disclosures will govern all future *Daubert* disclosures and hearings.

**Request Pertaining to Defendant Foakes's Medical Condition**

Counsel for Mr. Foakes reported difficulty with Bureau of Prison's compliance with Mr. Foakes's medical issue (dental). The U.S. Marshal to submit report to the Court regarding status of Mr. Foakes's medical request by **March 20, 2020**.

**Presence of defendant Christopher Ranieri is waived for the March 20, 2020 Status Conference.**

**Time pursuant to Speedy Trial Act excluded from 3/09/2020 to 3/20/2020 for effective preparation of counsel and complex case.**