RICHARD G. NOVAK (SBN 149303)
P.O. Box 5549
Berkeley, CA 94705
626-578-1175 (voice)
626-685-2562 (facsimile)
E-Mail: Richard@RGNLaw.com

JAI M. GOHEL (SBN 170782)
819 Eddy Street
San Francisco, CA 94109
415-771-6714 (voice)
415-474-3748 (facsimile)
E-Mail: JaiGohel@rocketmail.com

Attorneys for Defendant
JONATHAN JOSEPH NELSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JONATHAN JOSEPH NELSON, et al., <br> Defendants. | DEATH PENALTY CASE <br><br> Case No. CR 17-0533-EMC (LB) <br><br> **DEFENDANT JONATHAN NELSON'S REPLY TO THE GOVERNMENT'S OPPOSITION TO NELSON'S POSITION CONCERNING PROPOSED DEADLINE FOR DOJ NOTIFICATION RE. STATUS OF CAPITAL CASE PROTOCOL** <br><br> BEFORE THE HONORABLE EDWARD M. CHEN, DISTRICT JUDGE <br><br> Hearing Date: March 20, 2020 |

TO THIS HONORABLE COURT, PLAINTIFF, THE UNITED STATES OF AMERICA, ALL DEFENDANTS, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant JONATHAN JOSEPH NELSON, by and through his counsel of record, Richard G. Novak and Jai M. Gohel, hereby

replies to the Government's *Opposition to Defendant Brian Wendt's and Defendant Jonathan Nelson's Motions for Deadline to File a Notice of Intent to Seek the Death Penalty* (Doc. No. 982).

Dated: March 18, 2020          Respectfully submitted,

RICHARD G. NOVAK
JAI M. GOHEL


/s/*Richard G. Novak*
RICHARD G. NOVAK
Attorneys for Jonathan Joseph Nelson

**DEFENDANT NELSON'S REPLY TO THE GOVERNMENT'S**
*OPPOSITION TO NELSON'S POSITION CONCERNING PROPOSED*
*DEADLINE FOR DOJ NOTIFICATION*
*RE. STATUS OF CAPITAL CASE PROTOCOL*

The government's consolidated opposition to Mr. Wendt's and Mr. Nelson's separate pleadings requires a brief response from Mr. Nelson.

*Mr. Nelson* did not ask this Court to set a date for a decision by the Attorney General after which the government would be *precluded* from seeking the death penalty. While Mr. Wendt did move for such relief and has, in Mr. Nelson's view, sound factual and legal bases for doing so, Mr. Nelson merely asked this Court to give the government less draconian options for how it can remedy the growing prejudice to Mr. Nelson.

Those options were: 1) to promptly file its notice that it will not seek death, 2) to promptly invite Mr. Nelson to a DOJ Protocol-required presentation at least 90 days out, *or* 3) to show cause whether the decision to revoke Mr. Nelson's bond over one year ago merely because the government's *might* seek death still outweighs the earlier judicial decision that Mr. Nelson should be released on bond pending trial.

Mr. Nelson's position does not invade the executive branch's confidential deliberations and he is not asserting that the DOJ Capital Case Protocol in and of itself creates any rights. The government's suggestions to the contrary are red herrings.

The government concedes that this Court *does* have the inherent authority to establish the deadline sought by Mr. Wendt, but it argues that the Court does not have that discretion unless it first sets a trial date. The authorities presented by the government do not convince Mr. Nelson that in this circuit, this Court's discretion is so limited. The government's argument implies that where a court for sound reasons does not wish to set a trial date until it better knows what already complex litigation will look like, and where the court has concerns about the significant fiscal impact of

prolonged capital litigation on a limited federal court budget, or where the court has concerns about the significant physical and emotional toll that a potential capital prosecution can visit upon a defendant and their family, or where the court has concerns about the toll that delays have on the family of a homicide victim, the court is wholly powerless to manage its calendar to address those concerns and mitigate those harms.

The government's framing of the timing issues also creates a superficial chicken-egg dilemma that is exemplified by Judge Alsup's order in *Cerna*. Judge Alsup set a single trial date for all defendants, set a deadline for DOJ's notice, and ordered that if DOJ decided that it *would* seek death as to any defendants, those defendants would be severed and tried later. In the instant case, it is apparent to all that there are too many defendants to try all of them at once, there are lingering issues as to whether some counsel may be witnesses in the trial of defendants they do not represent, and there are a number of significant issues of prejudicial joinder of counts and/or parties to be litigated. This is precisely the type of case where DOJ's decision will impact how the trials are organized and the order in which they should occur. This Court is not held hostage by the government's claim that it cannot set a deadline without setting a trial date.

However, if this Court does conclude that it should not set a deadline without first setting a trial date, it is Mr. Nelson's position that the setting of a *placeholder* trial date is acceptable *so long as* the Court and the government acknowledge that, as in *Cerna*, the trial date for some defendants may have to change once the landscape becomes clearer.[1]

---

[1] The availability of counsel is of course one issue affecting who can proceed to trial when. For example, undersigned counsel informed this Court and the parties many months ago that he is presently scheduled to begin a year-long trial in another matter in this district in July 2021.

4

1    Additionally, Mr. Nelson's suggestion that if the government is not yet
2 prepared to decide that it will not seek the death penalty, it could go a long way
3 toward remedying the prejudicial delays to Mr. Nelson by scheduling a protocol-
4 required presentation to the Capital Case Committee in Washington D.C. does not
5 invade the Attorney General's discretion.  His protocol specifically provides for such
6 a presentation where the Committee, the Deputy Attorney General or the Attorney
7 General are not prepared to make  a "fast track" decision not to seek death.  The 90-
8 day preparation window Mr. Nelson requests is not inconsistent with typical DOJ
9 practice and is consistent with this Court's earlier order that if Mr. Wendt is invited
10 to make a presentation to the Capital Case Committee, he will have at least 90 days
11 to prepare for that.
12    Finally, the government's claim that Mr. Nelson's third proposed option,
13 reopening of his bail hearing, is somehow improper, ignores the reality of Mr.
14 Nelson's prior bond proceedings.  He was released on bond from the outset of this
15 proceeding and was only remanded because the superseding indictment alleged an
16 offense punishable by death.  This Court specifically invited Mr. Nelson to seek
17 review of that detention order once the Attorney General makes a decision.  That
18 was over one year ago and the absence of an invitation over that time to make a
19 presentation to Capital Case Committee strongly suggests to experienced capital
20 counsel the recommendations that have been made to date, even if the
21 recommendation is confidential. Hence, in reality, it is time to revisit Mr. Nelson's
22 detention status absent some affirmative indication from the government that it may,
23 in fact, seek death.
24    Finally, the significant new health risk to incarcerated individuals associated
25 with COVID-19 and the significantly limited access counsel now have to Mr. Nelson
26 are additional changed circumstances warranting reconsideration of the detention
27 order, as Magistrate Judge Cousins' recently-issued Standing Order, attached here,
28 explains. Mr. Nelson is locked in a crowded jail facility where he is prevented from

exercising any of the protective measures strongly recommended by the federal government to those who have the freedom to do so, and he is no longer able to have confidential contact visits with his counsel and other members of his capital defense team.

Dated: March 18, 2020          Respectfully submitted,

RICHARD G. NOVAK
JAI M. GOHEL


/s/*Richard G. Novak*
RICHARD G. NOVAK
Attorneys for Jonathan Joseph Nelson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRIMINAL CASE STANDING ORDER RE: PROCEDURE FOR REVIEW OF DETENTION ORDERS IN LIGHT OF CORONAVIRUS PANDEMIC | Magistrate Judge Nat Cousins<br>Effective March 16, 2020 |

I am issuing this criminal standing order on March 16, 2020, in response to the coronavirus pandemic. It applies to every open criminal case in which I have ordered a criminal defendant to be detained and that defendant is presently held in custody awaiting trial. Most detainees in this District are presently housed at Santa Rita Jail in Alameda County, California. Defendants detained by other judges are not covered by this standing order. A copy of this order will also be provided to the offices of the Federal Public Defender, the United States Attorney, the CJA attorney coordinator, U.S. Pretrial Services, and posted publicly on the Court's web page.

Under the Bail Reform Act, 18 U.S.C. § 3145(f)(2), a detention hearing may be reopened at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the detention hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. Two of the detention or release factors (among others) to be considered by the judicial officer are (1) the person's "physical and mental condition" (3145(g)(3)(A)) and (2) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (3145(g)(4)).

The Crime Victims' Rights Act, 18 U.S.C. § 3771, also provides crime victims the

statutory right to be reasonably protected from the accused, to reasonable notice of any public court proceeding involving the crime or release of the accused, the right to be reasonably heard and not excluded from public court proceedings, the right to be treated with fairness and respect, the right to confer with the attorney for the Government in the case, the right to proceedings free from unreasonable delay, and the right to be informed of the rights under the Act. The Court shall ensure the crime victim is afforded the rights described in the Act. 18 U.S.C. § 3771(b)(1).

This standing order sets forth the procedure for any request to reopen a detention hearing on the basis of the physical and mental condition of the accused. This public health crisis is serious and urgent. Counsel should not delay in evaluating whether any defendant should have his or her detention hearing reopened.

1. Counsel for the Government and accused must confer first in an effort to determine if they agree.

2. The Government must provide notice and an opportunity to confer and be reasonably heard to any crime victim.

3. Any stipulation or motion to reopen must be filed in the ECF system.

4. The motion should state whether the defendant waives personal presence at the hearing.

5. Copies of the motion to reopen must be provided to Pretrial Services and to Clerk's Office Manager Snooki Puli at Snooki_Puli@cand.uscourts.gov. This may be by email.

6. Unless otherwise ordered, no hearing will be held in person. Counsel, clients, and crime victims will be allowed to participate by telephone or video to the extent practicable.

IT IS SO ORDERED.

Date: March 16, 2020

_____
Nathanael M. Cousins
United States Magistrate Judge