MARTÍN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>　　　Defendants. | **Case No. CR-17-00533-EMC**<br><br>**JOINT STATUS REPORT**<br><br>**Date: May 1, 2020**<br>**Time: 1:30PM**<br>**Dept: The Honorable Edward M. Chen** |

**I.   INTRODUCTION**

There are two sets of matters scheduled to be heard on May 1, 2020:[1]

1. Trial groupings, trial dates, and scheduling pre-trial litigation; and

2. Whether or not to proceed with the law enforcement/"enterprise" expert *Daubert* hearing in a "virtual mode" for the direct examination of these experts and, if so, how to do so.

---

[1] The Court directed that the parties meet and confer regarding trial groupings as well as a schedule for pre-trial motions. (Minutes of April 10, 2020 Hearing, Docket 1015).

**JOINT STATUS REPORT**

1

## II. AGREEMENTS BETWEEN THE PARTIES

### A. Trial Groupings, Trial Dates, and Pre-Trial Motions Scheduling

The defense and government agree to continue the discussion of trial groupings for approximately seven weeks in order to allow (1) the government five weeks to comply fully with the Court's Order of April 10, 2020 and (2) the defense two weeks after that date to evaluate the materials provided by the government.[2] The parties agree that discussion of trial dates should be postponed until trial groupings can be discussed (in seven weeks). Finally, the parties request an additional 10 days from May 1, 2020 to attempt to develop a pre-trial litigation schedule.

### B. Law Enforcement/"Enterprise" Expert *Daubert* Hearings

With respect to the law enforcement/"enterprise" expert *Daubert* hearing, the parties have fully briefed the issue and are prepared to argue the issue. Mr. Diaz, Mr. Ott, and Mr. Hefferman are ready to discuss the issue of whether the accused should be present at the enterprise experts *Daubert* hearing. However, they suggest that it might be prudent to postpone the discussion in light of the extension of General Order 72 as well as the postponement of the trial groupings issue and its impact on the progress of the case. In addition, the government has represented that it is not able to host or facilitate a virtual *Daubert* hearing at this time.

/ / /

---

[2] The parties submit that discussion of the trial groupings issue would, under this Court's current Order, implicate materials disclosed on an Attorney's Eyes Only basis which would require that a portion of the hearing be sealed. For that reason, the parties propose that this discussion be continued in its entirety for seven weeks.

**JOINT STATUS REPORT**

2

## Statement of Relevant Facts

The defense has met numerous times and the defense and government have met and conferred twice (formally) and have maintained a dialogue in order to comply with this Court's Order. After meeting and conferring, the parties have agreed that:

1. The government has provided a complete list of overt and predicate acts;

2. The government has provided notice of the Rule 404(b) acts (not materials) that it intends to use at trial and an evidentiary hypothesis for admission of those acts;[3] and

3. The government requires additional time to comply with the identification of the statements which it intends to use at trial including *Bruton*, Rule 16 statements, co-conspirator statements, and other statements (if any) in the devices already disclosed to the defense. The parties recognize that this work is time consuming and will require the work of various case agents and that the additional time will provide greater confidence in the process of identification.

## Conclusion

The parties respectfully request that this Court:

1. Continue the discussion of trial groupings and dates until mid-June;

2. Allow the parties to meet and confer re pre-trial litigation schedule and set a further hearing in mid-May on this issue; and

3. Decide whether or not to schedule a "virtual" direct examination of the government's law enforcement/"enterprise" experts or postpone that discussion

/ / /

/ / /

---

[3] The defense requested that this hypothesis be provided as required by the law of this Circuit but has not yet been able to assess the government's theory of admission. *See United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir., 1994).

**JOINT STATUS REPORT**

3

in light of the developments outlined above.

Dated: April 30, 2020                     Respectfully Submitted,

                                          MARTIN ANTONIO SABELLI
                                          JOHN T. PHILIPSBORN


                                           */s/ Martin A. Sabelli*_____
                                          MARTIN A. SABELLI
                                          Attorneys for Brian Wayne Wendt