RICHARD G. NOVAK (SBN 149303)
P.O. Box 5549
Berkeley, CA 94705
626-578-1175 (voice)
626-685-2562 (facsimile)
E-Mail: Richard@RGNLaw.com

JAI M. GOHEL (SBN 170782)
819 Eddy Street
San Francisco, CA 94109
415-771-6714 (voice)
415-474-3748 (facsimile)
E-Mail: JaiGohel@rocketmail.com

Attorneys for Defendant
JONATHAN JOSEPH NELSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-0533-EMC (LB) |
| Plaintiff, | **DEFENDANT JONATHAN NELSON'S NOTICE OF MOTION; MOTION TO MODIFY CONDITIONS OF RELEASE; DECLARATION OF COUNSEL** |
| vs. | |
| JONATHAN JOSEPH NELSON, et al., | Hearing Date: February 11, 2021 |
| Defendants. | Hearing Time: 10:00 A.M. |
| | BEFORE THE HONORABLE VIRGINIA K. DeMARCHI, MAGISTRATE JUDGE |

TO THIS HONORABLE COURT, PLAINTIFF, THE UNITED STATES OF AMERICA, AND ITS COUNSEL OF RECORD:  PLEASE TAKE NOTICE THAT at 10:00 a.m. on February 11, 2021, Defendant JONATHAN JOSEPH NELSON, by and through his counsel of record, Richard G. Novak and Jai M. Gohel, will and

hereby does move this Honorable Court for an order modifying the conditions of release established on September 10, 2020, as follows:

1) to permit Mr. Nelson to leave the residence of his sister in Sunnyvale, CA for no more than 14 hours per day, three days per week, so that he may travel to Sonoma County in order to participate in the operation of his painting business;

2) to permit him to communicate with his son and business partner Jonathan Nelson, Jr. without the supervision of his sister Tracy Vasquez, who is both surety and custodian[1]; and

3) to permit him to utilize internet-enabled devices for business and other legitimate purposes, subject to monitoring arranged through Pre-Trial Services[2].

This motion is based upon the attached memorandum of points and authorities, the attached declaration of counsel, the record in this matter, and any other matters the court may consider at the hearing on this motion.

Dated: January 28, 2021            Respectfully submitted,

RICHARD G. NOVAK
JAI M. GOHEL


/s/*Richard G. Novak*
RICHARD G. NOVAK
Attorneys for Jonathan Joseph Nelson

---

[1] Mr. Nelson does not seek to vacate the conditions of release that preclude him from communicating with his son about HA matters or about the evidence in this case.
[2] Pre-Trial Services has informed undersigned counsel that it does not oppose Mr. Nelson utilizing a "monitored internet-capable cell phone" but it is "opposed to him working given the location of where business is conducted". The United States has informed undersigned counsel that it opposes all modifications.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**Introduction**

On September 4, 2020, District Judge Edward M. Chen entered an order reinstating bond for defendant Jonathan Joseph Nelson, subject to certain conditions of release.  (Doc. No. 1183)  The United States took an appeal from Judge Chen's order, but the Ninth Circuit affirmed the release order in an order dated October 16, 2020.  (Doc No. 1254)[3]  Mr. Nelson was released from custody that day, subject to conditions set forth in a Pre-Trial Services addendum dated September 3, 2020, as well as an additional condition imposed by Magistrate Judge DeMarchi on September 10, 2020 pursuant to the agreement of the parties.  (Doc. 1194-1)

The conditions of release as to which Mr. Nelson seeks modification are those which: 1) require him to remain confined to the residence of his sister in Sunnyvale, California absent event-specific permission from Pre-Trial Services to leave the residence; 2) preclude him from having unmonitored contact with his son Jonathan Nelson, Jr. and 3) preclude him from using any internet-enabled devices.

The modifications sought here are for designed to make it possible for Mr. Nelson to actively participate in the operation of Nelson Brothers Painting, a family-owned and operated business in Sonoma County.  It is impossible for Mr. Nelson to meaningfully participate in the operation of *his* business if he is confined 24/7 to a residence 100 miles away from the offices of the business and the locus of its clientele, if he cannot easily communicate with his son who is operating the business on his own, and if he cannot utilize the internet to communicate with the builders

_____

[3] As stated in its order affirming Judge Chen, the Ninth Circuit concluded under *de novo* review that even in this "presumption" case, detention was not warranted because the government could not establish by a preponderance of the evidence that no combination of conditions would reasonably assure Mr. Nelson's presence and that it had not established by clear and convincing evidence that no combination of conditions would reasonably assure the safety of the community.  (Doc. No. 1254)

1  and general contractors who are clients and prospective clients, to purchase

2  materials, to communicate with vendors, to communicate with current and

3  prospective employees and to otherwise participate in the operation of the business.

**II.**

**Mr. Nelson Has Consistently and Strictly Complied with the Conditions of**
**Release Established Both at the Outset of This Prosecution**
**and Since His Most Recent Release**

8  The record is clear that Mr. Nelson has consistently complied with all

9  conditions of his release in this matter, that previous reductions in the restrictiveness

10  of those conditions were appropriate and that they did not lead to any issues with

11  public safety, witness safety or Mr. Nelson's appearance in these proceedings.

12  In December 2017, Mr. Nelson was released on conditions established by

13  Magistrate Judge LaPorte. Pre-Trial Services recommended that Mr. Nelson be

14  released on a $1 million bond, secured by the equity in his brother's family

15  residence. Mr. Nelson was initially released to the third-party custody of his sister,

16  Tracy Vasquez, who resides in Santa Clara County. Mr. Nelson was initially

17  confined to her home and required to wear a GPS device. There were numerous

18  other strict conditions. (Doc. No. 66)

19  Mr. Nelson remained on bond and, according to Pre-Trial Services, "was

20  compliant and cooperative." His conditions of supervision were quickly liberalized.

21  In February 2018, Magistrate Judge Beeler modified Mr. Nelson's conditions of

22  release by permitting him to relocate from the residence of his sister in Santa Clara

23  County to the residence of his brother in Sonoma County, and permitting him to

24  return to work. (Doc. No. 534)  Two weeks later, Mr. Nelson was permitted to move

25  back into his own residence in Santa Rosa, where his son was also residing, the same

26  residence where his son resides today and where the operations of the Nelson

27  Brothers Painting business are presently managed.

28

In early April 2018, the court permitted Mr. Nelson to travel outside of Sonoma County for the purpose of arranging for the funeral of a co-defendant who had died. (Doc. No. 244) That same month, the court authorized Mr. Nelson to attend that funeral. (Doc. No. 247)  In May 2018, the court *permanently* modified Mr. Nelson's bond to permit him to access a computer in connection with his employment and business activities. (Doc. No. 261) In June and August 2018, the court authorized Mr. Nelson to attend two additional funerals at which he had contact with co-defendants. (Doc. No. 294)

Mr. Nelson has now been released on bond, again, for over 90 days and has again fully complied with all conditions of release.

### III.

### Modifications Sought Here Are Far More Modest
### Than Those Previously Approved by the Court

The modifications sought here are similar to but more modest than those authorized by the court earlier.  When Mr. Nelson was first released on bond in 2017, he was confined to his sister's residence.  Within three months of his release, the Court permitted him to relocate to Sonoma County so he could work.  Two months later he was able to use a computer that was subject to inspection and monitoring.  At that time, there was no order precluding Mr. Nelson from communicating with his son.

Here, Mr. Nelson seeks permission to travel to Sonoma County three days per week in order to participate in the management of his family business.  He is not *presently* proposing to relocate to Sonoma County. However, when the business expands significantly during the spring and summer months, he will seek the court's permission at that time to relocate to Sonoma County to manage that work, as this Court previously permitted him to do in 2018.  The family business has an office in Mr. Nelson's residence in Santa Rosa, where he would spend a portion of his time while in Sonoma County, as well as a warehouse in Healdsburg, where supplies and

5

equipment are stored.  He would spend time there as well.  Mr. Nelson's intention is to leave his sister's home in Sunnyvale at 6:00 a.m. three days per week, so that he can be in Sonoma County from approximately 8:00 a.m. to 6:00 p.m. on those days. He would then return to Sunnyvale by 8:00 p.m. each evening.  The three days per week would be weekdays only and would not be Saturdays or Sundays, so that Pre-Trial Services can communicate with Mr. Nelson, if necessary, while he is in Sonoma County.  He would continue to wear his GPD device during these business trips to Sonoma County.  While Mr. Nelson needs to be able to move about Sonoma County on these days to facilitate the work of his family painting business, there are obviously certain locations he will not visit.[4]

In order to effectively operate and grow his family business, Mr. Nelson needs to be able to more freely communicate with his son than the current limitation on their communications permits.  Currently, all communication between Mr. Nelson and his son is monitored by Ms. Vasquez. They are and would continue to be prohibited from discussing HA business or the evidence in this case (unless counsel are present).  The modification here is merely that they be permitted to communicate about business, family and other non-case related matters without requiring monitoring by Ms. Vasquez.  Similarly, Mr. Nelson needs to be able to utilize internet devices such as personal computers or laptops or tablets in order to effectively operate his business.  He agrees that any devices he uses may be monitored by a contractor selected by Pre-Trial Services.

//

//

//

---

[4] Those would include the HA clubhouse in Santa Rosa, the residences of or work locations of co-defendants (unless counsel are present), the residences or work locations of witnesses or the residences or work locations of other non-defendant HA members.

## IV.

### The Conditions at Issue Are Not Necessary to Protect the Public, Protect Witnesses or Ensure Mr. Nelson's Presence at Court Proceeding

Mr. Nelson's record of complete compliance with all conditions of release in this matter, especially including the conditions that permitted him to reside in Sonoma County, communicate with his son and use computers, demonstrate that the conditions at issue in this motion are not necessary to protect the public, protect witnesses or ensure his appearance.  More to the point, they are not "the least restrictive condition[s]" necessary to "reasonably assure" safety and appearance.  18 U.S.C. § 3142(c).  The many other conditions in place which do reasonably assure safety and appearance, and which would not be affected by the proposed modifications include the size of the bond in this matter, $1 million, the fact that it is secured by the residential property owned and occupied by Mr. Nelson's brother, the utilization of a GPS device, and that but for three days per week during which Mr. Nelson would be permitted to travel to Sonoma County for work-related purposes, he would continue to be subject to home confinement every night of the week and four days per week.

Notably, even in a case that fell under the Adam Walsh Child Protection and Safety Act amendments to the Bail Reform Act, the Ninth Circuit directed the district court to make measured orders that permit a defendant to maintain employment.  "The district court shall consider all relevant factors, including defendant's job-related needs, to determine the time of day or number of hours in specifying a curfew, or whether the curfew must be connected to a particular address. The district court shall also fashion an appropriate condition of electronic monitoring that would enable defendant to continue his employment. For example, the district court might  find it appropriate to set a procedure by which defendant may travel by air for work, with prior notice and approval; and perhaps monitoring

1  and a curfew at the destination city." *United States v. Kennedy*, 327 F. App'x 706,

2  708 (9th Cir. 2009).

3  **V.**

4  <u>**Conclusion**</u>

5    Mr. Nelson has consistently complied with all conditions of release in this

6  matter and can be relied upon by the Court to do so in the future.  The modest

7  modifications requested here will permit Mr. Nelson to participate in the

8  management and growth of his own business, without creating any additional risk of

9  non-appearance or danger, as the remaining conditions of his release are more than

10  sufficient to mitigate against those unlikely occurrences.

11

12    Dated: January 28, 2021   Respectfully submitted,

13

14               RICHARD G. NOVAK
             JAI M. GOHEL

15

16               /s/*Richard G. Novak*

17               RICHARD G. NOVAK
             Attorneys for Jonathan Joseph Nelson

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF RICHARD G. NOVAK</u>

I, Richard G. Novak, declare as follows:

1.     I am an attorney at law duly licensed to practice before this Court.  Along with Jai Gohel, I am counsel of record for Jonathan Joseph Nelson ("Mr. Nelson") in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     Mr. Nelson is the owner of Nelson Brothers Painting Company ("Nelson Brothers Painting").  He established the business in 2002.  Nelson Brothers Painting has been licensed by the State of California's Department of Consumer Affairs Contractors State License Board since 2003.  It is also bonded and insured.  (Ex. A)

3.     On January 5, 2021, I had an extended telephone conference with Mr. Nelson and his son Jonathan Nelson, Jr. ("Jonathan") concerning the business activities of Nelson Brothers Painting.  They explained the following to me:

(a)     Jonathan explained that throughout the time Mr. Nelson was detained in this matter and since Mr. Nelson's release in October 2020, Jonathan has been responsible for all aspects of operation of the business.  He currently employs three painters, but the company is on the verge of needing to hire additional painters as spring and summer are the busy seasons in the painting business.

(b)     Jonathan negotiates contracts for new work, supervises his employees, purchases supplies and equipment, delivers supplies and equipment to job sites, coordinates the timing of their work with builders and general contractors, handles all payroll and other office duties and does painting work as necessary to ensure that jobs are completed on a timely basis.

(c)     At the present time, Nelson Brothers Painting has contracts to paint the interior and/or exterior of approximately 100 residential units that are under construction in Sonoma County.  Nelson Brothers Painting presently anticipates securing contracts for another 100 units to be painted beginning in the spring.

(d)     Jonathan is presently working seven days per week to keep the operations of Nelson Brothers Painting current but is unable to both manage current business and plan for their anticipated expansion in the coming months without assistance from his father.  While Jonathan took on these new responsibilities while Mr. Nelson was detained, he does not have the professional relationships in the construction industry that Mr. Nelson has developed over the past 18 years, and he needs assistance in order to keep the business running efficiently and profitably.

(e)     Nelson Brothers Painting maintains its office at the residence in Santa Rosa where Mr. Nelson resided before the return of the indictment in this case. Jonathan resides in that residence as well.  Nelson Brothers Painting also has a warehouse in Healdsburg where it stores the vast majority of its equipment and supplies.

(f)     If Mr. Nelson is able to spend three days per week in Sonoma County as requested in this motion, he will be able to reintegrate himself into operations of the Nelson Brothers Painting business by working with builders and general contractors on existing and new contracts, recruiting and hiring new painters, purchasing and distributing equipment and supplies to job sites, and assisting Jonathan with management of the company's office and paperwork.

4.     Mr. Nelson cannot meaningfully participate in the operation of Nelson Brothers Painting without being able to communicate with his son on a regular basis, and without being able to use internet-enabled devices.  They need to be able to discuss contracting issues, hiring issues, the purchasing of supplies and equipment and other daily issues related to the operation of their business.  Mr. Nelson also needs to be able to use an internet-enabled device to communicate with builders, contractors, employees, suppliers and others.

5.     Mr. Nelson's sureties are his sister, Tracy Vasquez, and his brother, Steven Nelson.  Both of them are aware of this motion to modify Mr. Nelson's bond

2

conditions and both of them agree to remain sureties under the revised conditions if this Court grants this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of January 2021.

/s/ Richard G. Novak
Richard G. Novak

3

EXHIBIT A

    


**DEPARTMENT OF CONSUMER AFFAIRS**
**CONTRACTORS**
**STATE LICENSE BOARD**

 Consumers    Licensees    Applicants    Online Services    Media   Resources

Home | Online Services | License Details

## ⬇ Contractor's License Detail for License # 815893

**DISCLAIMER:** A license status check provides information taken from the CSLB license database. Before relying on this information, you should be aware of the following limitations.

- CSLB complaint disclosure is restricted by law (B&P 7124.6) If this entity is subject to public complaint disclosure click on link that will appear below for more information. Click here for a definition of disclosable actions.
- Only construction related civil judgments reported to CSLB are disclosed (B&P 7071.17).
- Arbitrations are not listed unless the contractor fails to comply with the terms.
- Due to workload, there may be relevant information that has not yet been entered into the board's license database.

### Business Information

NELSON BROTHERS PAINTING CO
1083 VINE ST #111
HEALDSBURG, CA 95448
Business Phone Number:(707) 304-0800

| | |
|---|---|
| **Entity** | Sole Ownership |
| **Issue Date** | 12/16/2002 |
| **Expire Date** | 12/31/2022 |

### License Status

This license is current and active.

All information below should be reviewed.

### Classifications

C33 - PAINTING AND DECORATING

### Bonding Information

**Contractor's Bond**

This license filed a Contractor's Bond with WESTERN SURETY COMPANY.

**Bond Number:** 63711266

**Bond Amount:** $15,000

**Effective Date:** 07/02/2018

Contractor's Bond History

### Workers' Compensation

This license has workers compensation insurance with the STATE COMPENSATION INSURANCE FUND.

**Policy Number:** 9283741
**Effective Date:** 09/19/2020
**Expire Date:** 09/19/2021
Workers' Compensation History

Personnel List

### Is this your license?
### Does any of the information need to be corrected/updated?

Find out how to make changes to your license info

---

## Online Services Quick Hits

- Check a License or HIS Registration
- Find My Licensed Contractor
- Frequently Asked Questions
- Forms and Applications
- Guides and Publications
- CSLB Laws and Regulations
- List of All CSLB Fees
- License Classifications
- Contractor Newsletter
- Application Status
- Application Status (Secured)
- Application Status by Personnel Name
- Application Status by Business Name
- CSLB Email Login

## Online Services

