DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
LINA Y. PENG (NYBN 5150032)
KEVIN J. BARRY (CABN 229748)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-533-EMC |
| Plaintiff, | APPLICATION TO MAINTAIN DOCUMENTS EX PARTE AND UNDER SEAL |
| v. | |
| JONATHAN JOSEPH NELSON et al., | |
| Defendants. | |

Pursuant to Federal Rule of Criminal Procedure 16(d) and Criminal Local Rule 47-3, the Government applies for an order permitting the United States to file redacted portions of its Motion for Reconsideration (ECF No. 1449)[1] and Exhibits 1 – 12 to its Motion for Reconsideration *ex parte* and *under seal*.

Federal Rule of Criminal Procedure 16(d)(1) permits a party to seek appropriate relief "by a written statement that the court will inspect ex parte." *See also United States v. Sedaghaty*, 728 F.3d 885, 908–09 (9th Cir. 2013) (Federal Rule of Criminal Procedure 16(d)(1) "explicitly provide[s] for ex

---

[1] The portions to be maintained *ex parte* and *under seal* have been redacted in the public filing.

parte filings and do[es] not require that detailed notice of the content of the filing be provided.").

Here, good cause exists to maintain the United States' submission *ex parte* and *under seal*. The documents submitted to the Court for *in camera* inspection have the potential to identify witnesses who have provided information in a racketeering prosecution in which the defendants are accused of murder, witness intimidation, sexual assault, robbery, and other violent acts. As the documents themselves demonstrates, witnesses who cooperate with law enforcement are at risk for intimidation, harassment, or violence. Rule 16(d)(1) authorizes *ex parte* submissions for precisely this purpose: "that is, to determine that production of certain witness discovery should be deferred in this case." *United States v. Gomez*, No. CR1300282PJHDMR, 2014 WL 231984, at *4 (N.D. Cal. Jan. 21, 2014). Moreover, even if the Court denies the United States' motion for reconsideration and orders these documents produced immediately, they will be produced with appropriate redactions and under the Attorneys' Eyes Only Protective Order.

For these reasons, the United States respectfully requests that it be permitted to file portions of its Motion for Reconsideration (ECF No. 1449) and Exhibits 1 – 12 to its Motion for Reconsideration *ex parte* and *under seal*.

DATED: February 1, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

  /s Ajay Krishnamurthy
AJAY KRISHNAMURTHY
KEVIN J. BARRY
LINA Y. PENG
Assistant United States Attorneys

**[PROPOSED] ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court ORDERS that the redacted portions of the United States' Motion for Reconsideration (ECF No. 1449) and Exhibits 1 – 12 to its Motion for Reconsideration be maintained *ex parte* and *under seal*.

DATED: _____  _____
HON. EDWARD M. CHEN
United States District Judge