[prepared by]

RICHARD G. NOVAK (SBN 149303)
P.O. Box 5549
Berkeley, CA 94705
626-578-1175 (voice)
626-685-2562 (facsimile)
E-Mail: Richard@RGNLaw.com

JAI M. GOHEL (SBN 170782)
819 Eddy Street
San Francisco, CA 94109
415-771-6714 (voice)
415-474-3748 (facsimile)
E-Mail: JaiGohel@rocketmail.com

Attorneys for Defendant
JONATHAN JOSEPH NELSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. CR 17-0533-EMC |
| Plaintiff, | **DEFENDANT NELSON, OTT AND WENDT'S JOINT OPPOSITION TO THE GOVERNMENT'S *MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION* (Doc. No. 1448)** |
| vs. | |
| **JONATHAN JOSEPH NELSON, et al.,** | BEFORE THE HONORABLE EDWARD M. CHEN, DISTRICT JUDGE |
| Defendants. | |

TO THIS HONORABLE COURT, PLAINTIFF, THE UNITED STATES OF AMERICA, AND ITS COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT Messrs. NELSON, OTT AND WENDT, by and through their respective counsel of record, hereby jointly set forth their opposition to the government's *motion for leave to file motion for reconsideration*. (Doc. No. 1448)

Dated: February 5, 2021          Respectfully submitted

RICHARD G. NOVAK
JAI M. GOHEL
Attorneys for Jonathan Joseph Nelson

*/s/Richard G. Novak*
by RICHARD G. NOVAK

# JOINT OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

On January 13, 2021, this Court conducted a three-hour hearing, at which the Court reaffirmed its intention to commence the first jury trial in this matter in October 2021, and, in light of that trial date, set a number of litigation deadlines in order to maximize the possibility that the trial can, in fact, proceed at that time. (Doc. No. 1419) Two of the deadlines set by the Court are implicated by the government's *motion for leave to file motion for reconsideration*. (Doc. No. 1448)

First, the Court affirmed, *in part*, Magistrate Judge Beeler's discovery order requiring the government to continue to disclose on a rolling basis "witness safety" materials that are subject to an "Attorney's Eyes Only" ("AEO") designation. That long-standing discovery ordered was reaffirmed by Judge Beeler on August 14, 2020. (Doc. No. 1139) The court modified Judge Beeler's order by limiting, for now, the government's disclosure obligations to the three defendants proceeding to trial in October.[1]

Second, the Court resolved a disputed issue that the parties had fully briefed in July 2020: the date by which the government would make its Jencks Act disclosures.[2] The Court determined that the "extraordinary circumstances" of this case at this time require disclosure of Jencks Act materials further in advance of trial than the government proposed. (Tr. 01/13/2021 at 118, ll. 21-24)[3] The disclosure date ordered by the Court is six months prior to trial.

---

[1] The Court also instructed the government that if it "seeks a tighter AEO protective order, it shall meet at confer with defendants." (Doc. No. 1419 at 4) The government did not do so before filing its *motion for leave to file motion for reconsideration.*

[2] The government's proposed pre-trial schedule, with numerous "sample" pre-trial orders appended to it, was filed on July 21, 2020. (Doc. No. 1098). The defendants' joint proposed pre-trial schedule was filed on the same date. (Doc. No. 1099)

[3] Here as well, the Court informed the government that if it wanted a "more specific protective order" it should engage with defense counsel in a meet and confer. It has not. (Tr. 01/13/2021 at 118-19)

3

The government moves this court for leave to file a motion for reconsideration of both orders. The defendants oppose the motion for leave to file a motion for reconsideration as it has no lawful grounds for doing so.

The government acknowledges that under this Court's rules, it must establish "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (Local Civil Rule 9-7(b)(3)) The government has not and cannot establish a "manifest failure" by this Court to consider the relevant factual or legal issues. Both issues have been fully briefed by all parties and were among the primary subjects of a three-hour hearing. The government had a full opportunity to set forth its position, as did the defendants, and the Court, after much colloquy, thereafter entered balanced orders that took into consideration the stated positions of all parties, the facts, and the guiding legal principles.[4]

The defendants submit that the *motion for leave to file a motion for reconsideration* should be denied. The government presents absolutely no justification for relitigating either issue, thereby threatening preparedness for the October trial date.

//

//

//

---

[4] The government also claims that this Court has "inherent power" to reconsider its orders, citing to *United States v. Lopez-Cruz,* 730 F.3d 803, 811 (9th Cir. 2013). Notably, in that case the Ninth Circuit affirmed the trial court's decision to *decline* to consider a motion for reconsideration. The Ninth Circuit commented that in that matter, which arose in the Southern District of California, there was no rule governing the district court's power to grant or deny a motion for reconsideration in a criminal proceeding. *Id.* In contrast, this district court has rules that narrowly limit the circumstances in which motions for reconsideration may be brought in civil and criminal matters, as the government acknowledges. *(Motion for Leave to File Motion for Reconsideration* at 1, ll. 24-25)

Dated: February 5, 2021   Respectfully submitted,

RICHARD G. NOVAK
JAI M. GOHEL
Attorneys for Jonathan Joseph Nelson

/s/*Richard G. Novak*
by RICHARD G. NOVAK

ON BEHALF OF DEFENDANTS
NELSON, OTT AND WENDT