ROBERT WAGGENER - SBN: 118450
LAW OFFICE OF ROBERT WAGGENER
214 Duboce Avenue
San Francisco, California 94103
Phone:          (415) 431-4500
Fax:             (415) 255-8631
E-Mail:         rwlaw@mindspring.com

MARCIA ANN MORRISSEY- SBN: 66921
LAW OFFICE OF MARCIA ANN MORRISSEY
11400 W. Olympic Blvd., STE 1500
LOS ANGELES, CA 90064

Attorney for Defendant RUSSELL TAYLOR OTT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 17 533 EMC |
| Plaintiff, | NOTICE RE TRIAL GROUP ONE DISCOVERY |
| v. | |
| RUSSELL TAYLOR OTT, | DATE: July 29, 2021 |
| | TIME:  9:00 a.m. |
| Defendant. | DEPT: Magistrate Judge Laurel Beeler |
| _____/ | |

**TO:     THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA; ASSISTANT UNITED STATES ATTORNEYS KEVIN BARRY AJAY KRISHNAMURTHY AND LINA PENG; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

This NOTICE and request for various directives and orders to the government is

submitted on behalf of Trial Group One defendants Nelson, Wendt, and Ott.[1] Trial for these three

defendants is scheduled to begin on January 10, 2022, a little over five months from the date of

_____

[1] This Notice is filed on behalf of all three Trial Group One defendants, with an understanding that defendant Wendt will be filing a separate pleading addressing discovery issues particular to defendant Wendt.

NOTICE RE TRIAL GROUP ONE DISCOVERY

1  this hearing. Adequate preparation time is essential for these three defendants and it is submitted

2  that the government has violated orders by the district court and engaged in a pattern of delaying

3  Group One defendants' efforts to collect, review, and investigate the trial discovery in this case.

4  Group One's position on these matters is known to the government by means of a recent meet

5  and confer, and the Group One defendants continue to await materials to which should have been

6  delivered weeks ago.

7       All the parties in the case last appeared before Judge Chen on July 9, 2021. (*See*, Dkt. No.

8  1897 - Minute Order of Proceedings) At the hearing the Court ordered the disclosure of non-

9  Jencks Act materials to Group One defendants by July 14, 2021, with Jencks Act materials to be

10 produced no later than 90 days before the trial date. The Court also recognized the long repeated

11 argument by defense counsel "that, in order to facilitate defense preparation for trial, the AEO

12 protective order for non-Jencks materials should be lifted earlier than 90 days before trial or the

13 order should extend to codefendants in the case." *Id*. at 2-3. "[T]he Court instructed the parties to

14 meet and confer during the week of July 19, 2021, and stipulate to a selective lifting of the AEO

15 protective order for non-Jencks materials wherever possible. If the parties are unable to agree on

16 the materials that can be disclosed prior to the default 90 day timeline for lifting of the order,

17 they are to address the matter expeditiously before Magistrate Judge Beeler on a document-by-

18 document basis". *Id*. at 3 Trial Group One defendants set up a meet and confer session with the

19 government for the afternoon of July 22, 2021. Also, shortly after the July 9 hearing with Judge

20 Chen, Group One defendants requested that the previously disclosed Witness Safety (WS)

21 discovery materials produced in October 2019 be provided to Group One defendants without the

22 added protections that the electronic files could not be printed or copied.[2]

23      On July 14, 2021 a 14 page letter to all defense counsel regarding the production of 30+

24 gigabytes of discovery was delivered to the discovery coordinator for the Nelson case, Bryan

25

26 _____

27      [2] The significance of removing these protections is that, once removed, the documents
   can be accessed by paralegals to digitize and search, and printed copies can be utilized by counsel
28 and defense staff.

**NOTICE RE TRIAL GROUP ONE DISCOVERY**
                                    -2-

Reuter.[3] The actual production of the materials was to be accomplished by means of multiple

volumes sent through the USAfx cloud delivery system. 12 pages of the 14 page letter consisted

of an index of the large production, with approximately 40-50 line items per page, with almost all

of the line items containing non-specific file name items, such as the "identification" of the group

of documents pasted below.

| BegDoc | EndDoc | Description | Protective Order Status |
|--------|--------|-------------|-------------------------|
| HA-00074351 | HA-00074356 | 281P-SF-5626535_0000769.pdf | AEO |
| HA-00074357 | HA-00074358 | 281P-SF-5626535_0000770.pdf | AEO |
| HA-00074359 | HA-00074362 | 281P-SF-5626535_0000779.pdf | AEO |
| HA-00074363 | HA-00074366 | 281P-SF-5626535_0000781.pdf | AEO |
| HA-00074367 | HA-00074367 | 281P-SF-5626535_0000781_1A0000317_0000001_PHYSICAL.pdf | AEO |
| HA-00074368 | HA-00074369 | 281P-SF-5626535_0000784_import.pdf | AEO |

The July 14, 2021 discovery letter provided by the government is attached hereto as Exhibit A.

So this court is aware, the total number of documents alone in this case is well over 100,000,

with a large bulk of them protected or significantly redacted.

Because of issues regarding the USAfx delivery to the discovery coordinator, the

approximately 1 GB of documentary discovery that was part of the July 14 production could not

be distributed to defense counsel until the weekend of July 17. The remainder of the large

production still had to be processed, converted, and organized before it could be distributed.[4]

---

[3] The delivery of this large, ultimately problematic, volume of discovery was curious to Trial Group One counsel on two levels. One, that the delivery of discovery was directed at all Nelson case counsel and not the counsel proceeding to trial as was discussed at the July 9 hearing. Second, that the 30+ gigabyte production of materials so substantially exceeded the volume of discovery that the government stated had been withheld, a matter of pages rather than gigabytes.

[4] The USAfx transfer process of volumes of electronic discovery, first to the discovery coordinator and then distribution to counsel, by its nature further delays actual review of the materials. As a practical matter, this process neutralizes and extends a court ordered "deadline". Production of discovery by the government by a particular date should be real, such that the materials are actually ready for distribution to counsel on the set date. Here, the proposal by defense counsel is that large scale productions of electronic discovery be delivered on the set date by delivering a hard drive to the defense discovery coordinator, rather than relying on cloud based transfer.

NOTICE RE TRIAL GROUP ONE DISCOVERY

1    Upon review of the documentary discovery, it was apparent that a large portion of the

2    documentary discovery contained substantial redactions, and that no WS materials had been

3    produced. In particular, the WS materials from October 2019 had not been produced without the

4    no copying, no printing protections.

5         Upon review of the July 14 documentary evidence and its significant redactions, On July

6    19, 2021 Trial Group One counsel sent an email to the government complaining of the redactions

7    in the documentary production, the timing of the production, and the inherent difficulties of

8    producing large volumes of electronic materials through the USAfx system. The text of the email

9    sent to the government on July 19 is attached hereto as Exhibit B. The position of Trial Group

10   One counsel is and was that the July 14, 2021 production was contrary to the content and spirit of

11   Judge Chen's orders stated at the July 9 hearing and contained in the resulting minute order.

12        The email sent to the government on July 19 went unanswered, and the first opportunity

13   to discuss the July 14, 2021 production was during the telephonic meet and confer between

14   Group One counsel and the government that took place on the afternoon of July 22. The sum

15   total of the government's position was (1) They disagreed that they had violated an order of

16   Judge Chen; (2) They agreed that they would turn over a complete set of unredacted discovery to

17   Group One Counsel at the end of this week (July 30, 2021) - begging the question of otherwise

18   when were they going to turn over the unredacted discovery to Group One; (3) At the end of the

19   following week they would turn over a set of the WS materials to Group One counsel without the

20   no printing, no copying restrictions (August 6, 2021); (4) They were unwilling to provide a hard

21   drive with the discovery at the end of this week and would continue utilizing the USAfx delivery

22   method; and (5) They had no AEO documents that they were presently willing to agree to

23   redesignate as non-AEO, save for a group of documents that had been discussed with defendant

24   Lyles; and (6) They insisted that the AEO redesignation discussion would proceed on a

25   document-by-document basis.

26        To be remembered is that pursuant to the order of Judge Chen the meet and confer to

27   occur the week of July 19 was to discuss the redesignation of AEO documents and to then bring

28   any disagreements to the attention of the magistrate. The entire spirit of that order was to

NOTICE RE TRIAL GROUP ONE DISCOVERY

-4-

1    effectively expedite the trial preparation process for the Group One defendants. Now that spirit

2    and process has been entirely thwarted. Trial Group One defendants can not intelligently discuss

3    redesignation of AEO documents when they are redacted and they cannot read, or necessarily

4    digest and comprehend the content of the document(s). The concept of redesignation is so that

5    Group One counsel can discuss AEO document with non-Group One counsel, potentially their

6    clients, and any witnesses. Now Group One counsel are only going to receive unredacted AEO

7    materials some time after the present hearing, and then strive to read, digest, comprehend, and

8    cross-reference those materials, and then go back to the government on a document-by-

9    document, item by item, basis to request the government to consider a redesignation. It is

10   submitted that every indication is that the government will be largely, if not entirely, disagreeable

11   to redesignation. The notion is then to go before the magistrate court for the review of each

12   contested item, a potentially very, very lengthy process. In the meantime, the time before a

13   January 2022 trial date continues to tick away. Trial Group One submits that we have reached an

14   untenable, unrealistic position in terms of effectively preparing for trial, and the discovery

15   production and AEO designation processes have to be reexamined and changed.

16        For the information of the Court, at the recent meet and confer the government was asked

17   to consider a redesignation of AEO materials based on the particular conduct covered by a group

18   of discovery materials. Here is the example that was provided: The government's enterprise

19   evidence at the Group One trial will certainly involve overt acts and alleged conduct that does not

20   involve a Group One defendant. It stands to reason that to prepare for that trial evidence, the

21   Group One defendants will need to talk to the attorney for the defendant alleged to be part of the

22   particular incident, the individual defendant, and/or any witness to the alleged conduct.

23   Wholesale redesignation of the set of AEO discovery materials relating to that incident would

24   then allow effective and realistic preparation as to the trial evidence for the incident. The

25   government rejected this proposal and insists on an item by item discussion and litigation.[5]

26   _____

27        [5] A suggestion by Trial Group One defendants is that the government, rather than the
     defense, should have to promptly justify continuing AEO designation on a document-by-
28   document basis. The whole concept of document-by-document analysis, and then litigation, is

NOTICE RE TRIAL GROUP ONE DISCOVERY
                                              -5-

1    Under these circumstances the Trial Group One defendants have no choice but to bring
2  this entire situation to the attention of the Court and to ask for various remedies and relief. This
3  next step was made plain to the government in the meet and confer. For the foregoing reasons,
4  Trial Group One is therefore asking the Court take the following steps:

5    1) Order the government to immediately produce unredacted non-Jencks Act discovery to
6  Trial Group One counsel on a hard drive to be provided to the Nelson defense discovery
7  coordinator;

8    2) As to Trial Group One, order the government to immediately redesignate all AEO
9  discovery as non-AEO discovery, or in the alternative, as the Trial Group One defense seeks to
10 negotiate further with the Government on the future of the AEO designated discovery, Group
11 One counsel should immediately be permitted to discuss the subject matters and witness names
12 set forth in the AEO discovery provided without showing or providing copies of the AEO
13 discovery to their clients, and should also be able to use the AEO information to conduct witness
14
15 interviews from this point in the case forward;

16    3) Order the government to produce any existing substantive index of the discovery
17 material in this case that labels the materials by its substance or content, and any level of
18 protection to the materials designated by the government.
19
20    Trial Group One defense lawyers have met and conferred several times recently in an
21 effort to discuss defense positions on the current status of discovery, and also to discuss trial
22 preparation. The consensus of the group of lawyers is that especially because of delays in the
23 transmission of discovery combined with the serious limitations caused by pervasive AEO
24 designations attached to disclosures covering Group One charges, charged overt acts, and
25 proposed uncharged act evidence, it is unlikely that Group One counsel can provide effective
26 _____
27 handicapped by the lack of a coherent index of discovery materials being provided to defense
   counsel, and the lack of an understandable file naming system in the multiple, sequential
28 productions of discovery.

**NOTICE RE TRIAL GROUP ONE DISCOVERY**
                                          -6-

assistance to their clients given the combination of the prohibitions against conferring with their clients about issues central to the case; limitations on the ability to investigate with Government reports in hand; the difficulty of investigation as the COVID situation becomes increasingly difficult again. The defense has also explained to the Court that the utility of the existence of a common purpose privilege protection in this case has been diminished by the limitations placed on Group One Counsel who at present cannot discuss case facts as disclosed in AEO reports with non Group One counsel, co-defendants and witnesses. Given delays in disclosures caused by logistical issues, it is highly unlikely in the experience of Trial Group One defense counsel that discovery that is theoretically to be provided to defense counsel 90 days before trial would actually get in the hands of current defense counsel at that time because of the current mechanics of the dissemination of discovery. All of these issues have combined to cause serious concerns to Group One Counsel about their levels of likely preparation for the trial of this case for a January 10, 2022 trial date.

Respectfully submitted,

July 25, 2021

/s/ _____
ROBERT WAGGENER
Attorney for Defendant
RUSSELL TAYLOR OTT

/s/ _____
MARCIA MORRISSEY
Attorney for Defendant
RUSSELL TAYLOR OTT