STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
KEVIN J. BARRY (CABN 229748)
LINA PENG (NYBN 5150032)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7050
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 17 CR 533 EMC** |
| Plaintiff, | United States' Response to Group One Discovery Issues (ECF No. 1911) |
| v. | |
| JONATHAN JOSEPH NELSON, et al., | Hon. Laurel Beeler |
| Defendant. | |

The United States respectfully files this response to "Notice re: Trial Group One Discovery" filed by Russell Ott (ECF No. 1911), filed yesterday on July 26, 2021.

I.    UNITED STATE' OBJECTION TO AD HOC BRIEFING AND HEARING SCHEDULE

The hearing before this Court set on July 29, 2021, was set several weeks prior. (ECF No. 1894). The issues to be heard were the defense motions for a bill of particulars and motion for jury records. (*Id.*; ECF No. 1892.)

Just three days before the hearing date, on July 26, 2021, defendant Wendt and other Group 1 defendants have requested additional issues to be heard through filing a motion and a notice. This Court directed the United States to respond by today, July 27, 2021. Under Local Criminal Rule 47-2(a), "all

motions in criminal cases shall be filed, served and noticed in writing *for a hearing not less than 14 days after the service of the motion or, if the Judge specially sets a date for hearing, not less than 14 days before the specially set*." (emphasis added).  Under Local Criminal Rule 47-2(d), "[a]ny opposition a noticed motion shall be served and filed not more than *7 days* after the motion is filed." (emphasis added).  The United States has been making good faith efforts to balance producing discovery expeditiously with protecting its interests in witness safety.  Due to the complexity of these issues in this case with potentially wide-ranging implications, rushing the United States to respond without adequate time may be counterproductive to the defense's ultimate interests as well as the orderly administration of the case overall.  One day to respond to two defense requests is not sufficient time, and raising new issues about three days prior to a hearing is not sufficient time for adequate preparation.[1]  This is not the first time that members of the defense have noticed motions with little notice or adherence to the local rules.  The United States respectfully requests that this Court hear the recently filed notice and motion (and any future such motions) on an orderly schedule, and also permit the United States an opportunity for a more fulsome response, including at the hearing.  Nevertheless, the United States' response is below.

II.    UNITED STATES' RESPONSE TO GROUP ONE'S NOTICE REGARDING DISCOVERY

   A.  The July 14, 2021, Production

First, Ott complains that a July 14, 2021, production by the United States was "could not be distributed to defense counsel until the weekend of July 17." During the meet and confer between the parties on July 22, 2021, the government already explained to Group One what occurred and that there was no delay with respect to the materials ordered disclosed by Judge Chen by July 14, 2021.  As background, the government had moved Judge Chen for partial reconsideration of a January 13, 2021, discovery order, which had ordered production of all Jencks Act material at least six months before trial and immediate production of material that identifies witnesses and victims.  (ECF No. 1448, 1449.)  As part of that motion, the government submitted to Judge Chen, *in camera*, a specific set of documents numbering about 172 pages in total concerning five vulnerable witness/victims that it wished to

---

[1] As one example, two members of the prosecution team have each have trials in different cases coming up in the next 30 days.

withhold ("Reconsideration Documents"). At the July 9, 2021, status hearing, Judge Chen ordered the production of those documents by July 14, 2021. The government complied with that order. As of July 14, 2021, the Reconsideration Documents were produced and made available to the defense discovery coordinator.[2] Along with the Reconsideration Documents, in that same production, the government has continued to produce other discovery items. Four of these items (one cell phone extraction, two aerial surveillance footage,[3] and one PDF of a reproduction with revised bates numbers) were voluminous and completed uploading to USAFx on July 15, 2021. To be clear, these materials were not the subject of Judge Chen's July 14, 2021 order, a fact that the government explained to the defense during the meet and confer.

With respect to delivery on USAFx, again, as explained during the meet and confer, the United States Attorneys' Office is still functioning in a telework status due to the COVID-19 pandemic. The government cannot guarantee prompt delivery via hard-drive. Moreover, as explained above, the "delay" complained of through USAFx was apparently a couple of days, and it did not concern materials subject to a court ordered deadline.

2. AEO De-designation

Ott states that the government "had no AEO documents that they were presently willing to agree to redesignate as non-AEO." This statement is misleading and inaccurate. As the defense well knows, during the July 9, 2021, status conference before Judge Chen, the issue of AEO redesignation was specifically discussed. As reflected in the minute order issued by Judge Chen, Judge Chen anticipated that the defense will provide the government with a proposed list of materials to de-designate and that any disagreements be adjudicated by this Court. In fact, during the meet and confer, the government specifically said it was likely was willing to consider de-designation, *provided that the defense provide the government with a list of such documents in accordance with Judge Chen's direction and just as*

---

[2] Through a technical error, one single page was not exported. This single page will be produced this week along with another production that is scheduled.

[3] The government has no intention of presenting these videos at trial. These videos are not material within the meaning of Rule 16. They record several controlled purchases made by a Confidential Human Source (CHS). The Government has already produced reports and body-worn recordings documenting those interactions, and produced these aerial surveillance videos only in response to a defense request in June 2021.

*defendant Lyles had done.* The government's position, as well as Judge Chen's conception regarding how the parties should proceed, is clearly reflected in the minute order issued by Judge Chen after the July 9, 2021, conference:

> The Government stated that it was receptive to lifting the protective order with respect to specific materials necessary for defense preparations; it argued, however, that the general order against lifting the AEO restrictions should remain in place until 90 days before trial and be set aside only on a document-by-document basis. Counsel for Mr. Ott asserted that meeting and conferring with the Government regarding the materials for which the protective order should be lifted raised concerns about work product privileges, and that an *in camera* proceeding would be the better way to proceed. In response to these arguments, the Court instructed to meet and confer during the week of July 19, 2021, and stipulate to a *selective lifting* of the AEO order for non-Jencks materials whenever possible. If the parties are unable to agree on materials that can be disclosed prior to the default 90 day timeline for lifting of the order, they are to address the matter expeditiously before Magistrate Judge on a *document-by-document* basis.

(ECF No. 1897 (emphasis added)).

Accordingly, Ott's characterization, that "Trial Group One defendants have no choice but to bring this entire situation to the attention of the Court" is an attempt to do an end-run around Judge Chen's explicit directions. Moreover, Ott's attempt to cast the current status of the AEO de-designation issue as the government being unwilling to redesignate is entirely disingenuous. As noted, the government has repeatedly indicated it would be willing to de-designate and in fact has done so with defendant Lyles on more than one occasion. But it cannot assess its position without a list provided by the defense of what it wishes to de-designate. The government has received no such list to date. Tellingly, Ott is now requesting "[a]s to Trial Group One, order the government to immediately redesignate all AEO discovery as non-AEO discovery, or in the alternative . . . Group One counsel should immediately be permitted to discuss the subject matters and witness names set forth in the AEO discovery provided without showing or providing copies of the AEO discovery to the clients." (ECF No. 1911 at 6). This is an attempt to do an end run against Judge Chen's direction to the parties in front of this Court. Judge Chen has already ordered that AEO restrictions are to be lifted for Group One 90 days prior to trial, and that any de-designation is to be done on a document-by-document basis. (ECF No. 1897). The government explicitly reminded the defense of Judge Chen's direction at the July 9, 2021, status conference during the meet and confer, and the defense acknowledged it. The wholesale designation of AEO material "immediately" in this case is premature and contrary to Judge Chen's order.

US RESP.
CR 17-533 EMC

4

1   Ott also suggests that they cannot provide any sort of list to the government because of
2 redactions contained within the AEO materials. To be clear, the government has produced a large
3 volume of unredacted AEO materials.[5] It is ironic that the defense, while emphasizing urgency, has not
4 come up with a list based on AEO materials they have now had for months. This follows a common
5 pattern in this case.[6] The issue of potential de-designation has been teed up for weeks now and the
6 defense should have been contemplating the materials for which they would like early de-designation all
7 along. Indeed, defendant Lyles has done just that, and the government has agreed to de-designate the
8 majority of the documents requested by Lyles.

9   Separately, for the first time, *after the July 9, 2021*, *hearing*, Ott sent an email to the government
10 requesting that materials previously designated as being subject to the Witness Safety protocol be
11 produced unredacted. As the Court knows, the issue of producing documents subject to the Witness
12 Safety protocol was heavily litigated before this Court and the protocol (and redactions) were a means of
13 balancing the need for defense preparation and witness safety. The defense has had these materials
14 since August 2019, and it has never requested that the redactions therein be lifted. Nevertheless, upon
15 receiving this recent request, the United States agreed to produce the Witness Safety materials again
16 without the protocol. This position was communicated to Group One counsel during the meet and
17 confer.[7]

18   In addition, the United States has, of its own volition, begun reviewing previously produced
19 discovery to see if there are redactions that it is now willing to lift. This Court has endorsed the practice
20 of redactions as a means to produce discovery but balance witness safety. (*See* ECF No. 1161-2 at 60
21 (in the context of discussing disclosure of materials concerning witness safety, "THE COURT: Although
22 a lot of that stuff could be redacted. I mean, honestly, you would have the ability to redact that stuff in a

---

[5]   A rough estimate puts the volume of such materials at over 1,000 pages.

[6]   In March 2020, the defense insisted that they needed a list of overt acts in order to litigate severance issues, but refused to file severance motions (which were all denied, in any event) until April 2021. The defense demanded a list of Fourth Amendment events in 2020, but have not yet agreed on a schedule to file suppression motions. Likewise, the defense demanded a list of co-conspirator statements in April 2021, but have yet to file a single motion to exclude.

[7]   The government notes that it formed this position prior to receiving Judge Sallie Kim's Report and Recommendation regarding the Order to Show Cause hearing on July 26, 2021, just a day ago. It reserves the right to modify its position in light of the concerning findings stated therein.

way you might not have to if you were just doing it as a category, Issue 1 disclosures.")).  In a classic case of no good deed goes unpunished, the defense is now using that as an excuse for not providing the government with a list of materials it wants de-designated as AEO.  As noted above, the majority of AEO material produced is unredacted and there is no reason why the defense should not be able to provide a specific list of documents it wishes to de-designate.

DATED: July 27, 2021

                                                 STEPHANIE M. HINDS
                                                 Acting United States Attorney

                                                 _____/s/_____
                                                 KEVIN J. BARRY
                                                 LINA PENG
                                                 AJAY KRISHNAMURTHY
                                                 Assistant United States Attorneys