UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>JONATHAN JOSEPH NELSON, et al.<br>　　　　　Defendants. | Case No. 17-cr-00533-EMC (LB)<br><br>**ORDER FOLLOWING *BRADY* REVIEW** |

　　A discovery issue is whether the government must produce proffers and consensual-monitoring information involving cooperating witness CW-1 that is part of a different investigation involving a different prosecution team in the Eastern District of California. CW-1 is not a witness in this case.[1] The only basis for disclosure thus is under *Brady v. Maryland*, 373 U.S. 83 (1963). The trial judge referred the matter to the undersigned to conduct an in camera review of the materials. Before conducting the review, the court held a hearing on January 27, 2022, to obtain the parties' views about what might be *Brady* material.[2] The court then reviewed the materials that the government submitted ex parte. They do not contain *Brady* material.

---

[1] Gov't Mot. for Recons. – ECF No. 2214-2 at 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Criminal Mins. – ECF No. 2306.

ORDER – No. 17-cr-00533-EMC (LB)

1    In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence
2    favorable to an accused upon request violates due process where the evidence is material either to
3    guilt or to punishment . . . ." 373 U.S. at 87; *see Giglio v. United States*, 405 U.S. 150, 154 (1972);
4    *Comstock v. Humphries*, 786 F.3d 701, 708 (9th Cir. 2015) (citing *Strickler v. Greene*, 527 U.S.
5    263, 281–82 (1999)). Favorable evidence includes information that would be "advantageous" or
6    would "tend to call the government's case into doubt." *Comstock*, 786 F.3d at 708. That the
7    evidence may have minimal value is not relevant to the determination of whether it is favorable.
8    *Id.* at 708–09 (concluding that the state court's finding that a statement's impeachment value was
9    "minimal" was "contrary to" *Brady*).

10   Evidence is material if "there is a reasonable probability that, had the evidence been disclosed,
11   the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009).
12   "A reasonable probability does not mean that the defendant 'would more likely than not have
13   received a different verdict with the evidence,' only that the likelihood of a different result is great
14   enough to 'undermine confidence in the outcome of the trial.'" *Smith v. Cain*, 565 U.S. 73, 75
15   (2012) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Because finding a *Brady* violation
16   requires the appellate court to conclude that disclosure might have affected the outcome of the trial,
17   a violation occurs only if the withheld evidence is admissible or would have led to admissible
18   evidence. *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1198 (C.D. Cal. 1999) (citing *Coleman v.
19   Calderon*, 150 F.3d 1105, 1117–18 (9th Cir.), *rev'd on other grounds*, 525 U.S. 141 (1998)).

20   Materiality is defined in terms of suppressed evidence considered collectively, not item by item.
21   *Kyles*, 514 U.S. at 436; *Barker v. Fleming*, 423 F.3d 1085, 1099 (9th Cir. 2005). When there is
22   uncertainty about the materiality of a piece of evidence, "the prudent prosecutor will resolve
23   doubtful questions in favor of disclosure." *United States v. Agurs*, 427 U.S. 97, 108 (1976).

24   The court previously ordered production of certain statements by CW-1 (referred to in the
25   earlier order as CHS-2). The substance of the statements is in the court's earlier sealed order.[3] A

---

[3] Order – ECF No. 1609 at 3–4 (N.D. Cal. Apr. 2, 2021), *aff'd*, Order – ECF No. 1917 (N.D. Cal. July 28, 2021).

reason for disclosure was, in part, that materiality is considered collectively, not item by item. *Kyles*, 514 U.S. at 436; *Barker*, 423 F.3d at 1099. Also, whether disclosure would have influenced the outcome of a trial can be determined only after the trial. Only then can the "total effect of all the inculpatory evidence [] be weighed against the presumed effect of the undisclosed *Brady* material." *Sudikoff*, 36 F. Supp. 2d at 1198–99 (citations omitted). The court thus ordered disclosure on the ground that the statements reasonably seemed favorable to the defense, as the government recognized.[4] The government disclosed the information.[5]

With this context, and considering the parties' briefs, their arguments at the January 27, 2022, hearing, the government's motions in limine, and the transcript from the trial judge's hearing on December 10, 2021,[6] the court reviewed the government's ex parte submissions (totaling 285 pages, 96 pages involving proffers and 189 pages involving consensual monitoring). First, CW-1 made no additional statements like those summarized in the sealed order (and that the court might order disclosed under the forward-looking lens of *Sudikoff*).[7] Second, there is no information that is *Brady* information.

**IT IS SO ORDERED.**

Dated: January 31, 2022

LAUREL BEELER
United States Magistrate Judge

---

[4] *Id.*

[5] Criminal Mins. – ECF No. 2198 at 4 (addressing *Brady* issues).

[6] *Id.*; Gov't Mot. for Recons. – ECF No. 2214-2; Defs.' Opp'n – ECF No. 2220; Gov't's Reply – ECF No. 2227; 12/10/2021 Tr. – ECF No. 2194 at 13–22 (the court read more broadly, but this is the most relevant to the issue, and the parties discussed it at the hearing); Gov't's Mot. in Lim. # 4 – ECF No. 2287 at 14–20 (pp. 10–16) (same).

[7] Order – ECF No. 1609 at 3.