UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON, et al.<br><br>Defendants. | Case No. 17-cr-00533-EMC-1<br><br>**ORDER DENYING JOINT GROUP ONE DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Docket No. 2533 |

Defendants argue that "based on a recently published peer-reviewed article [(Analysis of Mobile Phone Geolocation Methods Used in US Courts)], this Court should reconsider its prior order allowing the government to introduce CSLI testimony or evidence at trial." Mot. for Reconsideration at 2; Docket No. 2533. Defendants note that the article, published in February 2022, "t[akes] aim at how government witnesses[] use cones to show radio wave propagation." *Id.* In light of this article, Defendants move the Court to reconsider its earlier ruling admitting CSLI evidence and alternatively move the Court to conduct a further Daubert hearing to address "a substantial change in circumstances" based on the issues raised in the article. *Id.* at 6. In response, the Government notes that this is an "attempt to relitigate this issue for the third time" and argues that Defendants fail to state a valid basis warranting the Court's reconsideration. Opp'n at 1; Docket No. 2557. There is no sufficient basis warranting reconsideration. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.) (a court has discretion to depart from the law of the case and can reconsider prior rulings if "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a

manifest injustice would otherwise result."). The article does not undermine this Court's *Daubert* ruling. *See United States v. Hitesman*, No. 14-CR-00010-LHK, 2016 WL 3523854, at *9 (N.D. Cal. June 28, 2016) ("In applying Rule 702, district courts within the Northern District of California have consistently found that historical cell site evidence is admissible, so long as the evidence is offered to establish an individual's general geographic location." (internal quotation marks and citations omitted)); *United States v. Cervantes*, No. 12-CR-792-YGR, 2015 WL 5569276 (N.D. Cal. Sept. 25, 2015), at *3 (admitting CAST agents as experts and finding that "the use of cell phone location records to determine the general location of a cell phone has been widely accepted by numerous federal courts" (internal citation omitted)); *United States v. Williams*, 13-CR-764 WHO, ECF No. 836 (N.D. Cal. Jan. 27, 2016) (finding FBI CAST agent reliable under *Daubert* without hearing). If the defense wishes to point out any deficiencies with the cell site analysis or with the visual depictions used in the CAST presentation, they are free to do so during cross-examination. Thus, the Court **DENIES** Group One's motion for reconsideration.

This order disposes of Docket No. 2533.

**IT IS SO ORDERED**.

Dated: April 11, 2022

_____
EDWARD M. CHEN
United States District Judge