UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON, et al.<br><br>Defendants. | Case No. 17-cr-00533-EMC-1<br><br>**ORDER RE ADMISSION OF CAST PRESENTATION** |

The Court overrules Defendants' objection in part and admits the bulk of GX 127 under Rule 1006. The bulk of the slides which contain tables listing phone contacts and maps showing contacts of target telephones and their locations at various times are proper summaries, charts and calculations based on voluminous phone records, the authenticity of which are not seriously disputed. So long as the summaries do not constitute outright argument (*United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018)), it is not improper for summaries to contain inferences from the records; indeed, the mere selection of which data to summarize and display inherently contains at least some implicit inferences. *See United States v. Babichenko*, 543 F. Supp. 3d 946, 952-955 (D. Idaho 2021) (district court noted that "the touchstone of Rule 1006 is convenience" and emphasized that "Rule 1006 clearly also contemplates and even encourages demonstratives" and overruled the defendants' objection to the Government's use of arrows to indicate the flow of money between the defendants' business entities since the arrows were "a reasonable method of presenting the evidence"); *see also United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) (holding that the district court did not abuse its discretion in concluding that the government's summary charts were within the scope of the indictment and concluding that the

real estate transactions shown on the charts were "inextricably intertwined" with the conspiracy charge and were not "other acts" subject to Rule 404(b) and emphasizing that "the rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment" since the charts contained information (summarized real estate transactions involved in a fraud scheme) that were intertwined with the overt acts). The Court has wide discretion in determining whether to admit summary exhibits into evidence. *See United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (no error where court admitted chart, which was initially employed as a testimonial aid, into evidence where defense had a full opportunity to challenge the underlying documents, and the chart "contributed to the clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting the evidence."). The Court orders the Government to meet and confer with the defense to exclude various title/introductory pages and redact statements in boxes on slides that contain content which constitute argument more appropriately made in closing argument. The parties shall report back to the Court by May 16, 2022. If an agreement cannot be reached, a joint filing outlining the disputed slides is due to the Court by 8:30 a.m. on May 16, 2022.

**IT IS SO ORDERED**.

Dated: May 12, 2022

_____
EDWARD M. CHEN
United States District Judge