UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON, et al.<br><br>Defendants. | Case No. 17-cr-00533-EMC-1<br><br>**ORDER RE STATUS OF JUROR COMMUNICATIONS WITH THE COURT** |

On September 1, 2022, acting pursuant to its discretionary authority, *see* Docket No. 2930; *Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir. 2020); *Martinez v. Shinn*, No. CV-20-00517-PHX-DJH, 2020 WL 3574594, at *2 (D. Ariz. July 1, 2020), the Court denied defense counsel's request to continue unrestricted post-verdict juror interviews. Docket No. 2930. Instead, the Court sent an email to jurors asking if they consent to being interviewed by investigators for defense counsel. The text of the email is reproduced on the following page.

This order provides an update on the status of the communication preferences reported by the jurors. Since the email was sent, one juror responded and informed the Court that they do not consent to contact. Before the email was sent, several jurors informed the Court that they do not consent to contact. No further communications have occurred. In sum, no juror has expressed a willingness to speak to defense counsel's investigators.

**IT IS SO ORDERED**.

Dated: September 23, 2022

_____
EDWARD M. CHEN
United States District Judge

Dear _____,

It has come to the Court's attention that investigators on behalf of defense counsel have attempted to interview jurors in the case. Whether you decide to speak to the investigator is entirely up to you. As the Court stated at the end of trial, you are not obligated to speak with any of the parties or their counsel. On the other hand, you are not prohibited from speaking with the investigators.

If you decide to speak with the investigators, the permissible inquiry by the investigator shall be limited to determine whether (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; (C) a mistake was made in entering the verdict on the verdict form; or whether improper racial bias influenced the jury's verdict.

Please respond by emailing the Court at emccrd@cand.uscourts.gov, and indicate whether you wish to speak with the defense counsel's investigator. Whether you speak with an investigator or not, you may communicate with the Court directly if you feel you have information pertaining to any of the permitted topics of inquiry listed above.