UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON, et al.<br><br>Defendants. | Case No. 17-cr-00533-EMC-1<br><br>**ORDER DENYING DEFENSE MOTION TO LIFT RESTRICTIONS ON POST-VERDICT JUROR CONTACT, AND GRANTING DEFENSE MOTION TO MAKE ALL JUROR COMMUNICATIONS PART OF THE RECORD**<br><br>Docket No. 2969 |

After several jurors informed the Court that they were concerned about being contacted by private investigators employed by Defense, the Court ordered that Defense cease unrestricted post-verdict contact with jurors. *See United States v. Nelson*, No. 17-CR-00533-EMC-1, 2022 WL 4004190 (N.D. Cal. Sept. 1, 2022). Instead, the Court sent an email to jurors asking if they consent to being interviewed by investigators for Defense. *Id.* If a juror indicated to the Court that they consented, Defense would then be permitted to interview that juror. *Id.* Defense has now filed a motion requesting the Court (1) lift the restrictions it has imposed on post-verdict contact with jurors, and (2), "the Court make all juror communication with it (and from it) part of the record." *See* Docket No. 2969 ("Mot.").

A.  Restrictions on Post-Verdict Juror Contact

First, the Court will not lift the current restrictions on post-verdict juror contact. There is ample authority supporting the Court's exercise of discretion. *See*, *e.g.*, *Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir.), *cert. denied,* 141 S. Ct. 216 (2020); *United States v. Wright*, 506 F.3d 1293 (10th Cir. 2007) ("District courts have wide discretion to restrict contact with jurors to protect jurors from fishing expeditions by losing attorneys.") (internal quotation marks omitted).

"Rules restricting lawyers' access to jurors '(1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny.'" *Mitchell*, 958 F.3d at 787 (quoting *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003)). "Indeed, the Ninth Circuit has suggested that district courts have an affirmative duty to protect jurors from meritless post-verdict inquiries." *Reeves v. Shinn*, No. CV-21-1183-PHX-DWL, 2021 WL 5771151, at *2 (D. Ariz. Dec. 6, 2021) (citing *Mitchell*, 958 F.3d at 787). In sum, while Defense may not have experienced this specific procedure, the Court has the discretion to implement it.

It is also true that "an important part of the district judge's broad discretion centers on his response to allegations of juror bias or misconduct." *United States v. Hendrix*, 549 F.2d 1225, 1228 (9th Cir. 1977). Proper inquiry into jury deliberations is limited. Fed. R. Evid. 606(b) allows inquiry about whether "extraneous prejudicial information was improperly brought to the jury's attention," "an outside influence was improperly brought to bear on any juror," or "a mistake was made in entering the verdict on the verdict form;" and *Peña-Rodriguez v. Colorado* allows inquiry about whether racial stereotypes or animus was a significant motivating factor in a juror's finding of guilt. 137 S. Ct. 855, 867 (2017). Otherwise, general inquiry into the jury's deliberation may be prohibited. "In exercising its discretion, the district court must be guided by the content of the allegations, including the seriousness of the alleged misconduct or bias, and the credibility of the source." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991) (quoting *Hendrix*, 549 F.2d at 1228).

Here, there no evidence of cognizable impropriety affecting the jury deliberations  The evidence presented by Defense—notably obtained from post-verdict juror interviews conducted in the courthouse immediately after the verdicts were rendered without Court intervention or interference—fails to convince the Court that there is any basis for suspecting the jury was subject to improper influence. *See* Docket No. 2922 ("Def. Dec."); Docket No. 2923 ("Def. Brief"). *Cf. Hard v. Burlington N. R.R.*, 812 F.2d 482 (9th Cir. 1987), *abrogated on other grounds by Warger v. Shauers,* 574 U.S. 40 (2014) (A District Court should consider affidavits resulting from post-

verdict interviews where the affidavits show evidence of juror misconduct).  There was no *prima facie* evidence of extraneous influence on the jury or of juror racial animus.  *See Economou v. Little*, 850 F. Supp. 849, 851 (N.D. Cal. 1994); *Peña-Rodriguez*, 137 S. Ct. at 869.  Given the responses of the several jurors who were contacted and the lack of any substantial basis for suspecting juror impropriety, the Court properly exercised its authority to regulate post-verdict contact with the jurors, doing so in a manner that predicated further contact on juror consent.

        The procedure involved by the Court, sending a letter to jurors from the Court asking if any jurors were willing to speak with defense investigators, did not impair Defendants' rights.  The letter was crafted so that it did not create a chilling effect beyond that inherent in the post-conviction contact by the investigators.  *See Reeves*, 2021 WL 5771151, at *2 ("post-trial juror inquiries are inherently intrusive and potentially harmful, even if performed in a courteous and professional manner").  It was not until multiple jurors emailed the Court expressing discomfort with Defense's actions that the Court contemplated these restrictions.  The emails received from the jurors are attached to this order.  As far as Defense's assertions that the Court's letter emailed to the jurors email set forth "complicated legal standards" and failed to clearly state that "post-trial jury contact is permissible," Mot. at 4, the Court disagrees.  The email was specifically devised to inform jurors of their right to consent to or decline post-verdict interviews and that such interviews would be limited to the exceptions of FRE 606(b) and *Peña-Rodriguez.. See* Nelson, 2022 WL 4004190, at *2-3 (internal citations omitted).  Further, Defense had multiple opportunities to object to the contents of the email.  The Order was filed shortly before the email was sent.  Defense could have objected in the interim.[1]  Even if the letter had been sent out without adequate time for review, Defendants could have objected within a day or so and suggested a revised communication with the jurors.  Instead, Defendants waited twenty-four (24) court days before indicating any concern.

        Defendants' request to lift the restrictions on communications with jurors is denied.

---

[1] The Order was filed on September 1, 2022, at 12:44 PM, and the email was sent the same day at approximately 3:39 PM.

3

B. <u>Making Juror Communications Part of the Record</u>

Second, as requested by Defendants, the Court will make all juror communications part of the record, subject to the condition that identifying information remain confidential. Accordingly, all communications from jurors to the Court are attached to this order.

Defense's motion to lift the current restrictions on post-verdict juror contact is **DENIED**. Defense's motion to make all communications from jurors part of the record is **GRANTED**, subject to the conditions set out above.

This order disposes of Docket No. 2969.

**IT IS SO ORDERED**.

Dated: October 7, 2022

_____
EDWARD M. CHEN
United States District Judge

4