LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel:  (510) 452-8400
Fax:  (510) 201-2084
erik@babcocklawoffice.com

Attorney for Defendant
BRIAN BURKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-cr-00533 EMC |
| Plaintiff, | **BRIEF REGARDING THE RIGHT OF HELLS ANGELS TO EXERCISE THEIR FIRST AMENDMENT RIGHTS WHEN ATTENDING TRIAL TO SUPPORT OTHER HELLS ANGELS** |
| v. | |
| BRIAN BURKE, et al., | |
| Defendants. | |

The issue of members of the public wearing clothing that reflects Hells Angel membership or association arose in court on both April 3 and April 4, 2023. After researching the issue, Defendant Brian Burke submits that members of the public have a right to wear articles of clothing that reflect that membership or association.

The case of *Sammartano v. First Judicial District*, 303 F.3d 959 (9th Cir. 2002) summarizes the relevant principles.

In *Sammartano*, members of various motorcycle clubs (including but not limited to Hells Angels) were denied entrance to a state courthouse because of a judicial policy and rule barring clothing that was deemed gang related. Originally the policy was unwritten but the court then adopted rules to

implement it. The relevant rule barred "[c]lothing, attire or `colors' which have symbols, markings or words indicating an affiliation with street gangs, biker or similar organizations," stating that "[s]uch clothing or attire can be extremely disruptive and intimidating, especially when members of different groups are in the building at the same time." 303 F.3d at 963-964.

The motorcyclists sued for violations of their First Amendment rights under section 1983. The district court denied a preliminary injunction barring enforcement of the rule, but the Ninth Circuit reversed. In its defense, the Defendant court argued that the policy against wearing motorcycle related clothing was not viewpoint discrimination because the rule did not single out any particular motorcycle club. The Ninth Circuit rejected that argument:

> The governmental intent is plainly to target the message expressed at the "biker" level of generality. Of course, the category of all bikers can be subdivided into particular kinds of bikers, but the relevant question is whether "all bikers" is itself a subcategory of a larger subject-matter category — those who wish to wear clothing indicating an affiliation with some organization or point of view — that is the appropriate level of generality. We believe that this larger subject-matter category is the appropriate level of generality in this case. To hold otherwise would be to allow discrimination in favor of garden clubs and gun clubs (and the points of view associated with those organizations), and discrimination against biker clubs (and their associated points of view). Under Rule 3, motorcycle enthusiasts are targeted with a regulation that applies to them solely because they choose to communicate the fact of their association with this particular kind of organization. See, e.g., *United States v. Fitzgerald*, 724 F.2d 633, 639 (8th Cir. 1983) (Arnold, J., concurring) (addressing associational rights of Hell's Angels).

303 F.3d at 971-972.

Here, it would also be unconstitutional to bar members of the public who wish to "indicate an affiliation" with the Hells Angels, in a show of support for the three Hells Angels currently on trial, from wearing and displaying Hells Angel related material. Such a restriction would clearly be viewpoint based discrimination and is not a reasonable restriction in this case.

No one associated with the Hells Angels has done anything to disrupt the trial proceeding or to intimidate anyone in the course of this trial.

The fact that some people may be discomforted by the display of [Hells Angel] material is not enough to justify limitations on their First Amendment rights.

> "*Cohen v. California,* 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971) stands for the proposition that even in light of the purposes of the forum, it is not reasonable to prohibit speech in courthouse hallways merely because it may offend some people's sense of decorum. 'One man's vulgarity is another's lyric,' the *Cohen* Court emphasized, and 'it is largely because governmental officials cannot make principled distinctions in this area that the Constitution leaves matters of taste and style so largely to the individual.' *Id.* at 25, 91 S.Ct. 1780."

*Sammartano*, 303 F.3d at 971-972

DATED: April 4, 2023

By: _____/s/_____
ERIK BABCOCK