RICHARD G. NOVAK (SBN 149303)
P.O. Box 5549
Berkeley, CA 94705
626-578-1175 (voice)
Richard@RGNLaw.com

JAI M. GOHEL (SBN 170782)
819 Eddy Street
San Francisco, CA 94109
415-771-6714 (voice)
JaiGohel@rocketmail.com
**Attorneys for Defendant**
**JONATHAN JOSEPH NELSON**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON,<br><br>Defendant. | Case No. 3:17-cr-00533-EMC<br><br>**DEFENDANT JONATHAN JOSEPH NELSON'S SENTENCING MEMORANDUM**<br><br>**[EXHIBIT A TO SENTENCING MEMORANDUM FILED SEPARATELY UNDER SEAL]**<br><br>**Sentencing Date: June 13, 2024** |

Defendant JONATHAN JOSEPH NELSON, by and through his counsel of record, hereby files his Sentencing Memorandum for the Court's consideration prior to sentencing in this matter.

Dated: June 5, 2024                        Respectfully submitted,

**/s/ Richard G. Novak**
RICHARD G. NOVAK
JAI M. GOHEL
Attorneys for Jonathan Joseph Nelson

# DEFENDANT JONATHAN JOSEPH NELSON'S
# SENTENCING MEMORANDUM

The draft Pre-Sentence Report (PSR) as to Mr. Nelson, timely produced to the parties by the United States Probation Office on May 6, 2024, contained a detailed description of the offense conduct upon which the Probation Office's sentencing recommendations are based.  Mr. Nelson's objections to the draft PSR were timely lodged with the Probation Office in the form of a letter from counsel and are attached as Exhibit A to his *Supplemental Sentencing Memorandum*, which has been filed under seal.[1]

As explained in that letter, Mr. Nelson objects to the recitation of the offense conduct set forth in paragraphs 40 through 76 of the PSR.  This Court has denied both Mr. Nelson's motion under Rule 29 and his motion under Rule 33, and because other pre-trial, mid-trial, and post-trial rulings, the sufficiency of the evidence to support the jury verdict, and other factual and legal issues will be reviewed on appeal after entry of judgment, he maintains those objections here.

However, and more specifically, Mr. Nelson also objects to the Probation Office's determination that his status as President of the Sonoma County Hells Angels compels application of a four level role enhancement for every sentencing calculation, as proposed in the PSR. (PSR, at ¶¶ 86 et seq.)  He also objects to the application of a more than minimal planning enhancement to the guideline calculations for the assault on Mr. Conte.  (PSR, at ¶¶ 96)

Mr. Nelson understands that based upon the jury verdict in this case, and in light of this Court's orders denying his post-trial motions, the Court must impose a sentence of life imprisonment on Count 3, and a consecutive sentence of 84 months on Count 7.  According to the PSR, counts 1, 2, and 6 all group together with Count

---

[1] Additional objections to a narrow portion of the PSR are set forth in Mr. Nelson's under seal *Supplemental Sentencing Memorandum*.

3, although the Court has discretion to impose any term of imprisonment for those counts subject to the statutory maximums. The PSR recommends imposition of concurrent statutory maximum sentences of life on Count 1, 10 years on Count 2, and 20 years on Count 6, all concurrent to the mandatory life sentence on Count 3.

Mr. Nelson does not agree that the *maximum* sentences on Counts 1, 2, and 6 are consistent with the dictates of section 3553 of Title 18. In addition to the mitigating information set forth in Mr. Nelson's PSR at ¶¶ 161-175, Mr. Nelson has lodged under seal Exhibit A to this Sentencing Memorandum, which sets forth the mitigating factors Mr. Nelson advised the United States in 2019 counseled against seeking the death penalty in this action. Mr. Nelson submits that the same 38 mitigating factors listed in that exhibit also support imposition of terms of imprisonment significantly below the maximum sentences recommended in the PSR, on those counts as to which this Court has sentencing discretion.

It is Mr. Nelson's view that a single concurrent term of imprisonment of TIME SERVED on each of Counts 1, 2, and 6 is sufficient but no greater than necessary to accomplish all of the goals of sentencing.

Dated: June 5, 2024                    Respectfully submitted,

**/s/ Richard G. Novak**
RICHARD G. NOVAK
JAI M. GOHEL
Attorneys for Jonathan Joseph Nelson