UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

NELSON, et al.

Defendants.

Case No. 17-cr-00533-EMC

**ORDER SCHEDULING EVIDENTIARY HEARING**

Docket Nos. 4104, 4106, 4109, 4110, 4112, 4115, 4116, 4117, 4125, 4128

Defendants Jonathan Nelson, Brian Wendt, Russell Ott, Christopher Ranieri, and Raymond Foakes have each moved for a new trial under Federal Rule of Criminal Procedure 33, based on allegedly newly discovered evidence: post-conviction statements by a confidential human source ("CHS") to FBI Agents Hofmann and White, in which the CHS reported that Robert Huff said that he shot and killed Joel Silva. Each motion requests, in addition to a new trial, an evidentiary hearing at which the CHS and Agents Hofmann and White would testify. For the reasons set forth below, the request for an evidentiary hearing is **GRANTED**.

Evidentiary hearings on Rule 33 motions "are the exception rather than the rule," and such motions are ordinarily "decided on the basis of affidavits." *United States v. Connolly*, 504 F.3d 206, 220 (1st Cir. 2007); *see also Amado v. Gonzalez*, 758 F.3d 1119, 1129 n.6 (9th Cir. 2014). Whether to hold an evidentiary hearing rests within the sound discretion of the Court. *See United States v. Batiste*, 868 F.2d 1089, 1091–92 (9th Cir. 1989); *United States v. Scott*, 521 F.2d 1188, 1195 (9th Cir. 1975), cert. denied, 424 U.S. 955 (1976). Still, "[u]nless the court is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial, an evidentiary hearing must be held." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). Several courts have further recognized the

United States District Court
Northern District of California

importance of hearings for testing alleged third-party confessions, since such claims "should be tested in open court" rather than credited or discounted on the basis of affidavits alone. *See DeBinder v. United States*, 303 F.2d 203, 204 (D.C.C. 1962); *see also United States v. Camacho*, 163 F. Supp. 2d 287, 311 (S.D.N.Y. 2001).

Defendants' proffer is serious: a statement, made to federal agents rather than volunteered informally, in which Huff is reported to have admitted that he — rather than Wendt — shot Silva. The Government has identified respects in which the CHS's broader account does not match the trial record. Defendants respond that the CHS's core account was made to federal agents in a documented interview and is not, on its face, implausible. The Court does not resolve that dispute at this time. Though the Court has serious questions about whether the requisites for a new trial under Rule 33 have been met in light of, *e.g.*, issues regarding whether the evidence is newly discovered and could not have been previously discovered with due diligence, whether the potential testimony of the CHS would be admissible at a new trial, and whether the evidence of guilt at the trials herein were so substantial that any admissible evidence from the CHS would not likely result in an acquittal, given the gravity of the allegation and stakes involved, the Court finds that an evidentiary hearing will facilitate the Court's assessment of the putative new evidence.

For the foregoing reasons, Defendants' request for an evidentiary hearing is **GRANTED**. An evidentiary hearing will be held on Tuesday, August 18, 2026 at 9:00 a.m. The hearing shall not exceed four (4) hours in total. Defendants represent that they intend to call the CHS and Special Agents Hofmann and White. Defendants shall be responsible for securing the CHS's attendance. The Government shall reasonably cooperate with Defendants in good faith in making Special Agents Hofmann and White available. Parties are to file their final witness and evidence lists no later than August 11, 2026.

///

///

///

///

///

United States District Court
Northern District of California

This Order resolves only Defendants' request for an evidentiary hearing. The Court does not at this juncture rule on the merits of Defendants' Rule 33 motions.

**IT IS SO ORDERED**.

Dated: August 3, 2026

EDWARD M. CHEN
United States District Judge