CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-CR-0533-EMC |
| Plaintiff, | |
| v. | **UNITED STATES' MEMORANDUM REGARDING THE SCOPE OF RULE 804(B)(3)** |
| JONATHAN JOSEPH NELSON et, al, | |
| Defendants. | |

The Court must carefully scrutinize every statement that a party seeks to admit under Federal Rule 804(b)(3). The Court must assess whether each statement truly subjects the declarant to criminal liability and whether corroborating circumstances clearly indicate its trustworthiness. *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978). The Court must consider each statement independently, and the proponent of any statement must provide "evidence that clearly indicates that the statements were worthy of belief, based upon the circumstances in which the statements were made." *United States v. Monserrate-Valentin*, 729 F.3d 31, 52 (1st Cir. 2013). The proponent must provide the Court with

"clear circumstances corroborating [the declarant's] veracity." *United States v. Satterfield*, 572 F.2d 687 (9th Cir. 1978); *United States v. Nazemian*, 948 F.2d 522, 531 (9th Cir. 1991) (the circumstances "must do more than tend to indicate the trustworthiness of the statements; they must clearly indicate it"). This necessarily is a "fact-intensive inquiry, which would require careful examination of all the circumstances surrounding the criminal activity involved." *Williamson v. United States*, 512 U.S. 594, 604 (1994).

Other hearsay statements do not become admissible simply because they are somehow connected to a statement against penal interest. In *Williamson*, the Supreme Court considered whether an "entire confession, even if it contains both self-inculpatory and non-self-inculpatory parts—would be admissible so long as in the aggregate the confession sufficiently inculpates" the declarant. *Id.* at 599. The Court answered "no." The entire confession is not admissible; only the specific parts that subject the declarant to criminal liability can come in.

> Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true. This notion simply does not extend to the broader definition of "statement." The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.

*Id.* at 599-600.

> The fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability. We see no reason why collateral statements, even ones that are neutral as to interest, should be treated any differently from other hearsay statements that are generally excluded.

*Id.* at 600 (citation to concurrence omitted).

The Defendants cite *Williams* for that court's blessing of the inclusion of a declarant's reason for carrying out a killing to which he confessed—he was killed because of "debts." *See Williams*, 506 F.3d at 155. But the opinion makes clear that the statement about debts was in the same confession as the killing itself.

Johnson, echoing much of Baldwin's account, testified that Bobby told her that the victims were shot because of their debts.  She then explained that Bobby told her that Michael shot the man in the driver's seat while Bobby shot at least one of the other passengers.

*Id. Williams* cannot be read to permit the CHS to relay the entire hearsay story of the reason that Huff purportedly killed Silva—the botched New York marijuana deal; the various beatings; and the resulting tension between the various charters.  Rather, each statement from Huff that the defense would seek to admit through the CHS must be evaluated independently—was it actually contrary to Huff's penal interest such that he would only have made it if it were true, and is it surrounded by sufficient clear indications of veracity?

With respect to the first question, if the statement was not likely to establish criminal liability, then it does not meet the Rule 804(b)(3) requirements.  If the statement were inculpating, but there was little likelihood that law enforcement would learn of it or that Huff would be prosecuted as a result, it "makes the declaration almost risk-free from his perspective," and it precludes admission as an exception to hearsay.  *Satterfield¸* 572 F.2d at 693.

DATED:  August 5, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

__/s/ *Kevin J. Barry*_____
KEVIN J. BARRY
Assistant United States Attorney

US MEMORANDUM REGARDING THE SCOPE OF RULE 804(B)(3)
17-CR-0533-EMC

3